**BOIES SCHILLER FLEXNER LLP**
John J. Kucera (State Bar No. 274184)
*jkucera@bsfllp.com*
Joshua Y. Quaye (State Bar No. 325480)
*jquaye@bsfllp.com*
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

*Attorneys for Defendant*
*Opulent Treasures, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YA YA CREATIONS, INC., a California Corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>OPULENT TREASURES, INC., a California Corporation; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No. 2:22-cv-06137<br><br>**OPULENT TREASURES, INC. ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Opulent Treasures, Inc. ("Opulent") files this Answer in response to Plaintiff Ya Ya Creations, Inc.'s ("Plaintiff") Complaint for declaratory relief and damages:

## NATURE OF THE ACTION

1. Admitted.

## PARTIES

2. Opulent lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and accordingly denies the same.

3. Admitted.

4. Opulent lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and accordingly denies the same.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 5.

6. Paragraph 6 of the Complaint contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 6.

7. To the extent the allegations of Paragraph 7 of the Complaint are deemed to be allegations of law, Opulent is not required to plead thereto; to the extent the allegations of said Paragraph are deemed to be allegations of fact, Opulent admits it is a California corporation with a principal place of business in this judicial district.

8. To the extent the allegations of Paragraph 8 of the Complaint are deemed to be legal conclusions, arguments, and characterizations, Opulent is not required to plead thereto; to the extent the allegations of said Paragraph are deemed to be allegations of fact, Opulent admits it is a California corporation with a principal place of business in this judicial district and otherwise denies the allegations therein.

9. Paragraph 9 of the Complaint contains legal conclusions, arguments, and characterizations to which no response is required; to the extent the allegations of said Paragraph 9 are deemed to be allegations of fact, Opulent denies the allegations therein.

## BACKGROUND

10. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint, and on that basis denies those allegations.

11. Admitted.

12. Opulent admits that it applied for and obtained U.S. Copyright Registration Nos. VA 2-298-980, VA 2-299-360, VA 2-299-364, VA 2-299-366, VA 2-304-222, and VA 2-308-419 referenced in the allegations in Paragraph 12. Except as expressly admitted, the allegations in Paragraph 12 of are denied.

13. Denied as worded. Answering further, Opulent admits that Plaintiff and Opulent are engaged in trademark litigation in this district in the matter of Case No. 2:22-cv-02616-SSS-JC.

14. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint, and on that basis denies those allegations. To the extent that the allegations of Paragraph 14 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Opulent denies the allegations to the extent that they are inconsistent with that document.

15. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint, and on that basis denies those allegations. To the extent that the allegations of Paragraph 15 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Opulent denies the allegations to the extent that they are inconsistent with that document.

16. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint, and on that basis denies those allegations. To the extent that the allegations of Paragraph 16 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Opulent denies the allegations to the extent that they are inconsistent with that document.

17. Denied as worded.

18. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint, and on that basis denies those allegations. To the extent that the allegations of Paragraph 18 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Opulent denies the allegations to the extent that they are inconsistent with that document.

19. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint, and on that basis denies those allegations. To the extent that the allegations of Paragraph 19 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Opulent denies the allegations to the extent that they are inconsistent with that document.

20. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint, and on that basis denies those allegations.

21. Paragraph 21 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 22.

23. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint, and on that basis denies those allegations.

24. Paragraph 24 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 24.

25. Paragraph 25 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 25.

26. Denied. To the extent that the allegations of Paragraph 26 seek to paraphrase or characterize the contents of a document, the document speaks for itself and Opulent denies the allegations to the extent that they are inconsistent with that document.

27. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 27 of the Complaint, and on that basis denies those allegations.

## COUNT I

### Declaratory Relief

### (Against All Defendants)

28. Opulent restates and incorporates responses to Paragraphs 1–27 of this Answer, inclusive, as though set forth fully herein.

29. Paragraph 29 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 29.

30. Paragraph 30 contains legal conclusions, arguments, and characterizations to which no response is required.

31. Paragraph 31 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 31.

32. Paragraph 32 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 32.

## COUNT 2

### Violation of 18 U.S.C. §512(f)

### (Against All Defendants)

33. Opulent restates and incorporates responses to Paragraphs 1–32 of this Answer, inclusive, as though set forth fully herein.

34. Paragraph 34 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 34. Answering further, 18 U.S.C. § 512 does not contain a subdivision (f) and the statute pertains to forfeiture of certain motor vehicles and motor vehicle parts.

35. Denied.

36. Paragraph 36 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 36.

37. Denied.

38. Paragraph 38 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 38.

/ / /

/ / /

/ / /

# COUNT 3

## Violation of California's Unfair Competition Law

## California Business & Professions Code Section 17200, et seq.

### (Against All Defendants)

39. Opulent restates and incorporates responses to Paragraphs 1–38 of this Answer, inclusive, as though set forth fully herein.

40. Paragraph 40 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 40.

41. Paragraph 41 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 41.

42. Paragraph 42 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 42.

43. Paragraph 43 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 43.

44. Paragraph 44 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 44.

45. Paragraph 45 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 45.

46. Paragraph 46 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 46.

/ / /

# COUNT 4

## Intentional Interference with Prospective Economic Advantage

## Under California Law

## (Against All Defendants)

47. Opulent restates and incorporates responses to Paragraphs 1–46 of this Answer, inclusive, as though set forth fully herein.

48. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 48 of the Complaint, and on that basis denies those allegations.

49. Paragraph 49 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 49.

50. Paragraph 50 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 50.

51. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 51 of the Complaint, and on that basis denies those allegations. Answering further, Opulent specifically denies the allegations that it committed any "intentional, wrongful acts."

52. Opulent lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 52 of the Complaint, and on that basis denies those allegations.

53. Paragraph 53 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Opulent denies the allegations in Paragraph 53.

54. Paragraph 54 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is

required, Opulent denies the allegations in Paragraph 54, and further denies that Plaintiff is entitled to the requested relief.

## PRAYER FOR RELIEF

Opulent denies that Plaintiff is entitled to any of the relief prayed for in the Complaint.

## AFFIRMATIVE DEFENSES

Opulent hereby asserts the following affirmative defenses. If and to the extent that it is Plaintiff's burden to prove any of the issues raised in the defenses set forth below, Opulent hereby expressly reserves, and does not wait, its legal position that Plaintiff maintains the burden of proof on those issues. By alleging the separate and additional defenses set forth below, Opulent intends no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. Without limiting or waiving any defenses available to it, and based on information and belief unless otherwise stated, Opulent alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails, in whole or in part, to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Valid Copyrights)

Opulent owns valid copyrights registered as U.S. Reg. Nos. VA 2-298-980, VA 2-299-360, VA 2-299-364, VA 2-299-366, VA 2-304-222, and VA 2-308-419. These copyrights are nonfunctional and have achieved a high degree of consumer recognition and serve to identify Opulent as the source of goods and/or services with which they appear.

### THIRD AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

Plaintiff has unclean hands, and it would be inequitable to grant Plaintiff any remedies sought by its Complaint.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estopped by reason of its conduct, acts, and omissions from recovering on any claims that it may have had against Opulent.

### FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The claims against Opulent are barred in whole or in part by the applicable statutes of limitations.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to take reasonable steps to mitigate its damages, if any, and therefore, the damages Plaintiff seeks should be barred, reduced, and/or excused.

### SEVENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to assert the claims in its Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

### (Inequitable/Against Public Policy)

Under the circumstances, holding Opulent responsible for any purported damages allegedly suffered by Plaintiff would be inequitable, unfair, and/or against public policy.

### NINTH AFFIRMATIVE DEFENSE

### (No Basis for Attorneys' Fees and Costs)

Plaintiff has failed to allege an adequate and/or reasonable basis upon which to seek attorneys' fees and costs against Opulent.

## TENTH AFFIRMATIVE DEFENSE

**(Doctrine of Laches)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Doctrine of Waiver)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

**(Lack of Causation)**

Plaintiff is barred from recovery because there is no actual, factual, legal, or proximate causal connection between Plaintiff's alleged injuries or damages, if any, and any act or omission of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

Plaintiff are barred from seeking equitable relief because Plaintiff now have, and at all times alleged in the Complaint have had, an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(No Irreparable Harm)**

Plaintiff are barred from seeking equitable relief on the ground that Plaintiff cannot show that they will suffer any irreparable harm from Defendant's actions.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Mitigation)**

Plaintiff has failed to take reasonable steps to mitigate its alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(No Damages)**

Defendant is informed and believes, and based thereon alleges, that Plaintiff has not suffered any damages as a result of any actions taken by Defendant, and Plaintiff is thereby barred from asserting any claim against Defendant.

# SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of the Opulent's Answer and, therefore, Opulent reserves its right to amend its Answer to allege additional affirmative defenses if subsequent investigation warrants.

# PRAYER FOR RELIEF

WHEREFORE, Defendant Opulent Treasures, Inc. prays that the Court determine and adjudge that:

1) The Complaint be dismissed with prejudice;

2) Judgment be entered in favor of Opulent and against Plaintiff on all claims in the Complaint herein;

3) Plaintiff take nothing by the Complaint;

4) Opulent be awarded their costs, disbursements, attorneys' fees, and expenses incurred herein; and

5) Opulent be awarded such other and further relief as the Court deems proper.

/ / /
/ / /
/ / /

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Opulent Treasures, Inc. hereby demands a trial by jury as to all claims in this litigation.

Dated: August 23, 2023     **BOIES SCHILLER FLEXNER LLP**

By:  */s/ John J. Kucera*
John J. Kucera (SBN 274184)
 *jkucera@bsfllp.com*
Joshua Y. Quaye (SBN 325480)
 *jquaye@bsfllp.com*
725 S Figueroa Street, 31st Floor
Los Angeles, CA 90017
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

*Attorneys for Defendant*
*Opulent Treasures, Inc.*