| | |
|---|---|
| 1 | **BOIES SCHILLER FLEXNER LLP** |
| 2 | Sean P. Rodriguez (SBN 262437) |
|   | srodriguez@bsfllp.com |
| 3 | 44 Montgomery Street, 41st Floor |
| 4 | San Francisco, California 94104 |
|   | Telephone:  (415) 293-6800 |
| 5 | Facsimile:  (415) 293-6899 |
| 6 | John Kucera (SBN 274184) |
| 7 | jkucera@bsfllp.com |
|   | 2029 Century Park East |
| 8 | Suite 1520N |
|   | Los Angeles, California 90067 |
| 9 | Telephone:  (213) 629-9040 |
| 10 | Facsimile:  (213) 629-9022 |
| 11 | *Attorneys for Plaintiff and Counter-Defendant* |
|    | *OPULENT TREASURES, INC.* |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPULENT TREASURES, INC., | Case No. 2:22-cv-06137-SSS-JC |
| Plaintiff, | *Applies to:  Counter-claims previously transferred into this district in 2:23-cv-04292 and subsequently consolidated into 2:22-cv-06137* |
| v. | |
| YA YA LOGISTICS, INC., et al., | |
| Defendants. | **PLAINTIFF AND COUNTER-DEFENDANT OPULENT TREASURES, INC.'S NOTICE OF MOTION AND MOTION TO DISPOSE OF YA YA LOGISTICS'S COUNTERCLAIM** |
| YA YA LOGISTICS, INC., | Date:       January 19, 2024 |
| Counter-Plaintiff, | Time:       2:00 p.m. |
| v. | Judge:      Hon. Sunshine S. Sykes |
| OPULENT TREASURES, INC., | Courtroom:  2 |
| Counter-Defendant. | |

**TO THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 19, 2024, at 2:00 p.m., in Courtroom 2 of the United States District Court for the Central District of California, located at the George E. Brown, Jr. Federal Building and U.S. Courthouse, at 3470 Twelfth Street, Riverside, California 92501-3801, Plaintiff and Counter-Defendant Opulent Treasures, Inc. ("Opulent") will, and hereby does, move for summary judgment, pursuant to Fed. R. Civ. P. 56 and for judgment on the pleadings or, in the alternative, a motion to dismiss, against Defendant and Counter-Plaintiff Ya Ya Logistics, Inc. ("Ya Ya Logistics") as follows:

This motion is made following the conferences of counsel that took place on September 7, September 28, and October 23, 2023. (van Loben Sels Decl. ¶¶ 3-4; Rodriguez Decl. Exhibit 1).

This motion is based on this Notice of Motion and supporting Memorandum of Points and Authorities, the Declarations of Sean Phillips Rodriguez and John David van Loben Sels, any reply briefing in further support of this motion, any matters of which this Court may take judicial notice, all papers and exhibits previously filed with the Court in this action, and on such other written and oral argument as may be presented to the Court.

Dated: October 27, 2023              Respectfully submitted,

                                                **BOIES SCHILLER FLEXNER LLP**

                                                By:   /s/Sean P. Rodriguez
                                                          Sean P. Rodriguez

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 6

I.  BACKGROUND ......................................................................................... 7

II. LEGAL STANDARDS ............................................................................. 11

III. ARGUMENT ............................................................................................. 12

    A.  The Law of the Case Precludes Ya Ya Logistics's Counterclaim. .................................................................................. 12

    B.  Ya Ya Logistics Has Not, and Cannot, State Any Viable Counterclaim. .................................................................................. 13

        1.  Attorneys' Fees and Costs Are Not Recoverable Under 15 U.S.C. Section 1120. ................................................ 14

        2.  Amendment Would Be Futile. ................................................ 14

    C.  The SJ Order Demonstrates That Ya Ya Logistics Cannot Pursue Its Counterclaim. ................................................................. 15

        1.  No Evidence Supports Ya Ya Logistics' Claim About Falsity of Opulent's Advertising Budget (SJ Order Issue "A"). ................................................................................. 15

        2.  Ya Ya Logistics Failed to Identify Evidence Supporting the Necessary Element of Subjective Intent Concerning Advertising (SJ Order Issue "B") .............................................. 15

        3.  Opulent Did Not Fraudulently Omit Any Material Information About the Customer Declarations (SJ Issue "C") ........................................................................ 16

        4.  Opulent Did Not Omit Senior Use by Lamps Plus (SJ Issue "D") ........................................................................ 17

    D.  No Additional Discovery Will Change the Outcome. ..................... 18

IV. CONCLUSION ......................................................................................... 18

CERTIFICATE OF COMPLIANCE ................................................................... 20

3
OPULENT TREASURES'S MOTION TO DISPOSE
YA YA LOGISTICS'S COUNTERCLAIM, Case No. 2:22-cv-06137-SSS-JC

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ...................................................................................... 11, 12

*Anthem Highlands Community Ass'n v. Viega, Inc.*,
    No. 2:12-cv-00207, 2013 WL 149573 (D. Nev. Jan. 14, 2013) ............................ 12

*Aromatique, Inc. v. Gold Seal, Inc.*,
    28 F.3d 863 (8th Cir. 1994) ...................................................................................... 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................. 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (1955) .................................................................................................. 11

*Celotex Corp. v. Cartrett*,
    477 U.S. 317 (1986) .................................................................................................. 11

*Cormier v. Penzoil Exploration & Prod. Co.*,
    969 F.2d 1559 (5th Cir. 1992) ................................................................................. 18

*CSL Silicones, Inc. v. Midsun Grp. Inc.*,
    301 F. Supp. 3d 328 (D. Conn. 2018) ..................................................................... 17

*Dahon North America, Inc. v. Hon*,
    No. 2:11-cv-05835-ODW, 2012 WL 1413681 (C.D. Cal. Apr. 24, 2012) ............ 13

*eCash Techs, Inc. v. Guagliardo*,
    210 F.Supp.2d 1138 (C.D. Cal. 2001) .................................................................... 12

*Exxon v. Corp. v. Exxene Corp.*,
    696 F.2d 544 (7th Cir. 1982) ................................................................................... 14

*Gordon v. Reliant Energy, Inc.*,
    141 F. Supp. 2d 1041 (S.D. Cal. 2001) .................................................................. 12

*In re Aetna Cas. & Sur. Co.*,
    919 F.2d 1136 (6th Cir. 1990) ................................................................................. 13

*In re Bose Corp.*,
  580 F.3d 1240 (Fed. Cir. 2009) .................................................................... 12, 16

*OTR Wheel Eng'g Inc. v. W. Worldwide Servs., Inc.*,
  897 F.3d 1008 (9th Cir. 2018) ............................................................................ 12

*Ritz Hotel, Ltd. v. Shen Mfg. Co., Inc.*,
  No. 05-cv-4730, 2009 WL 1119496 (E.D. Pa. Apr. 27, 2009) .............................. 14

*United Phosphorous, Ltd. v. Midland Fumigrant, Inc.*,
  205 F.3d 1219 (10th Cir. 2000) .......................................................................... 14

*Zobmondo Ent. LLC v. Falls Media LLC*,
  No. 06-cv-3459-ABD, 2008 WL 6138835 (C.D. Cal. Aug. 11, 2008) .................. 14

**Statutes**

15 U.S.C. § 1117 .................................................................................................... 14

15 U.S.C. § 1120 .............................................................................................. passim

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 11

Federal Rule of Civil Procedure 12(c) .................................................................... 11

Federal Rule of Civil Procedure 56(a) .................................................................... 11

Federal Rule of Civil Procedure 9(b) ......................................................... 11, 13, 15

5
OPULENT TREASURES'S MOTION TO DISPOSE
YA YA LOGISTICS'S COUNTERCLAIM, Case No. 2:22-cv-06137-SSS-JC

## MEMORANDUM OF POINTS AND AUTHORITIES

This case is the consolidation of two actions involving Defendants-Counterclaimants that are commonly owned and share the same Chief Executive Officer. Those two Defendants-Counterclaimants, Ya Ya Creations, Inc. and Ya Ya Logistics, Inc., asserted substantively identical counterclaims for fraud on the Patent and Trademark office in procuring a trademark against Plaintiff Opulent Treasures, Inc. ("Opulent").

This Court already entered summary judgment on Ya Ya Creations's counterclaim. (Dkt. No. 227 ["SJ Order"].) The facts and reasoning in the SJ Order preclude Ya Ya Logistics's counterclaim, which remains in the operative pleadings only because of this case's unique procedural history.

This Motion seeks to harmonize the consolidated pleadings in this consolidated case by formally disposing of Ya Ya Logistics's meritless counterclaim by a combination of summary judgment and either judgment on the pleadings or an order dismissing the counterclaim.

\*       \*       \*

In the first action, 2:22-cv-02616 (the "'22 Action"), this Court granted summary judgment in favor of Opulent on the fraud-on-the-PTO counterclaim asserted by Ya Ya Creations. (SJ Order.) Meanwhile, Ya Ya Logistics asserted the same counterclaim in a case pending in the Middle District of Florida transferred 2:23-cv-04292 (the "'23 Action"). After the SJ Order, the '23 Action was transferred into this District and consolidated with the '23 Action. ('22 Action, Dkt. No. 287.)

This motion requests that the '23 Action's counterclaim be disposed in the same way as the counterclaim asserted in the '22 Action. The counterclaims are nearly identical. They make the same allegations at the same paragraph numbers. (*Compare* '22 Action Dkt. No. 70 ¶¶ 4-24, *with* '23 Action, Dkt. No. 32 ¶¶ 4-24).

There are only two immaterial differences in the counterclaims' allegations:  *First*, the already-adjudged '22 Action's counterclaim includes additional language alleging harm and damages than does the later-filed counterclaim in the '23 Action.  (*Compare* '22 Action Dkt. No. 70 ¶ 8, *with* '23 Action, Dkt. No. 32 ¶ 8).  *Second*, the '23 Action quote and cite the same U.S. Patent and Trademark Office form, but the '23 Action quotes an extra sentence from the form.  Since the PTO forms are identical, incorporated by reference into the counterclaims, and judicially noticeable, there is no effective difference at all in those paragraphs.

Though the '23 Action names different defendants than the '22 Action, the sole remaining defendant in the '23 Action is Ya Ya Logistics.  (*See* '23 Action, Dkt. No. 80 [dismissing other defendants].)  As noted above, Ya Ya Creations and Ya Ya Logistics have the same ownership and CEO.  (Rodr. Decl. Exhibit 2 at ¶¶ 2-3.)

In any event, no corporate distinction matters to the analysis or outcome.  The counterclaims turn on Opulent's conduct, not conduct undertaken by one Ya Ya or another.  Nor can Ya Ya Logistics claim that Ya Ya Creations lacked sufficient opportunity for discovery or in unfamiliar with the record in this '22 Action because the two Ya Yas are represented in this case by the same counsel and have followed the same litigation strategy.  Indeed, the Ya Yas advocated for consolidation because the cases have such a great degree of overlap.  (*See, e.g.*, '23 Action, Dkt. No. 169 at 8 [Joint Stat. Rep. re Consolidation].)

For these reasons, and all those that follow, Opulent respectfully requests an order summarily adjudicating the '23 Action's counterclaim or eliminating it on the pleadings.

## I.   BACKGROUND

Since 1995, Opulent has designed, distributed, marketed, offered for sale, and sold home entertainment and décor goods.  ('23 Action, Dkt. No. 14 at ¶15.)

Opulent products are available on Amazon.com, Wayfair.com, Houzz.com, and QVC. (*Id.* at ¶¶ 24-25.).  Opulent sells to retail stores including TJ Maxx and Marshalls.  (*Id.*)  Opulent's products have proven popular with consumers and gained mainstream significance.  (*Id.* at ¶ 22.)

Defendant Ya Ya Logistics is an integral part of the Ya Yas' counterfeiting operation.  The Ya Yas knocked off three of Opulent's well known creations—the "Chandelier Cake Stand," "Candelier Cupcake Holder," "Chandelier Candle Holder" (the "Products" at issue).  (*Id.* at ¶ 16.)  More specifically, the Ya Yas have offered for sale, sold, distributed, imported and/or resold, advertised, marketed, or promoted, and continue to offer for sale, products infringing Opulent's copyright and trade dress rights in the Products.  (*Id.* at ¶ 46.)  Accordingly, Opulent sued for direct and contributory copyright infringement, direct and contributory counterfeiting, direct and contributory trade dress infringement, and unfair competition.  (*Id.* at ¶ 61-134.)

Opulent initially brought suit on August 24, 2022 in the Middle District of Jacksonville, Florida.  ('23 Action, Dkt. No. 1.)  On November 7, 2022, Ya Ya Logistics answered the Complaint and filed a Counterclaim against Opulent.  ('23 Action, Dkt. No. 32).  In its Counterclaim, Ya Ya Logistics alleged that it suffered damages as a result of Opulent's alleged fraud in the procurement of its trademark under 15 U.S.C. Section 1120.  (*Id.* at ¶ 4.)  Opulent requested that venue be transferred to the District Court for the Central District of California, where it was consolidated with the '22 Action.  ('23 Action, Dkt. Nos. 33 & 58; '22 Action, Dkt. No. 287.)

While the motion to transfer was pending, discovery in the '22 Action was completed and summary judgment proceedings began.  ('22 Action, Dkt. No. 101 at 7-8.)  Opulent obtained summary judgment on the counterclaim asserted in the '22 Action—which was identical to the counterclaim asserted in the '23 Action:

| Ya Ya Party's Allegation | Asserted at |
|---|---|
| **A. Advertising:** "In the [same] July 17, 2019 declaration, Carol Wilson stated: "OPULENT has spent approximately $38,000 annually in advertising, marketing and promoting our Chandelier Cake Stands since 2006." "This statement was false and was knowingly and willfully submitted in an attempt to wrongfully obtain a trademark registration." | '22 Action, ¶ 18 (Dkt. No. 70.) <br><br> '23 Action, ¶ 18. (Dkt. No. 32.) |
| **B. Cake Stand Revenues:** "In [a] July 17, 2019 declaration, Carol Wilson stated: "OPULENT generated over $700,000 in revenues from our Chandelier Cake Stands in 2018. This statement was false and was knowingly and willfully submitted in an attempt to wrongfully obtain a trademark registration." | '22 Action, ¶ 16. (Dkt. No. 70.) <br><br> '23 Action, ¶ 16. (Dkt. No. 32.) |
| **C. Customer Declarations:** "Counterclaim Defendant also submitted several declarations entitled' Declaration of Customer' [but o]n information and belief, the declarations were prepared by counsel for Counterclaim Defendant [and] Counterclaim Defendant knowingly failed to inform the U.S. Patent and Trademark Office that the several of the declarants were people who worked with Counterclaim Defendant. On information and belief, Counterclaim Defendant intentionally withheld information about the true relationships between Counterclaim Defendant and the declarants to wrongfully obtain a trademark registration." | '22 Action, ¶¶ 19-21. (Dkt. No. 70.) <br><br> '23 Action, ¶¶ 19-21. (Dkt. No. 32.) |
| **D. Senior Use:** "Before and on the date Counterclaim Defendant filed its application for registration, at least third party Lamps Plus, Inc. was selling products with a nearly identical trade dress in interstate commerce," and Opulent had "actual knowledge" of that use. | '22 Action, ¶¶ 10-12. (Dkt. No. 70.) <br><br> '23 Action, ¶¶ 10-12. (Dkt. No. 32.) |

In the SJ Order, the Court assessed and rejected every single one of the counterclaim's theories (A) through (D). (SJ Order at 4-5 (A); *id.* at 5-6 (B); *id.* at 6-7 (C); *id* at 7 (D).)

Meanwhile, in the federal District Court for the Middle District of Florida, Opulent's prior counsel moved to dismiss the entire counterclaim for its failure to allege cognizable damages, a necessary element of Ya Ya Logistics' counterclaim for fraudulently obtaining a trademark registration under 15 U.S.C. Section 1120 (*See* '23 Action, Dkt. No. 35 at 4 [MTD originally filed in transferor court].)  Ya Ya Logistics pled damages consisting entirely of litigation expenses, but litigation expenses are not cognizable damages under Section 1120.  (*Id.*; Argument B.1, below.)   In opposition, Ya Ya Logistics identified no authority holding supporting its view (*See* '23 Action, Dkt. No. 40 at 5-6 [MTD Opp. filed in transferor court] (quoting statements about the general nature of damages; citing nothing for the specific proposition that litigation expenses can constitute Section 1120 damages).)

This Court then undertook to reconcile the two Actions' procedural postures. ('23 Action, Dkt. Nos. 287-93.)  But the convoluted history of this case created what the Ya Yas' counsel called a "procedural logjam" as the parties deliberated as to the next steps.  (Rodr. Decl. Exhibit 1 at 2.)

The present Motion resolves that logjam:  No matter how the procedural posture is viewed—whether the pleadings are open or closed, whether the Court considers evidence or relies wholly on legal conclusions—Ya Ya Logistics cannot pursue a counterclaim in the '23 Action, and Opulent respectfully requests an order so holding.[1]

---

[1]  After the Order discussed in Exhibit 1, Opulent was directed to file a "responsive pleading," the most restrictive interpretation of which is that the filing must be an answer to the counterclaim (Rule 12(a)(1)) rather than a response by "motion" under Rule 12(b).  ('23 Action, Dkt. No. 62.)  Opulent does not believe that the Court intended such a hypertechnical interpretation, nor does Opulent believe that the Court intended to cut off Opulent's right to respond with a Rule 12(b)(6) motion.  Nevertheless, in an abundance of caution, Opulent has simultaneously filed an answer and styled the present Motion as one for summary judgment and either a motion for judgment on the pleadings or, alternatively, a motion to dismiss.  Opulent respectfully requests that the protective answer be stricken *nunc pro tunc* such that it be deemed never filed, and that this Motion be treated as a motion to dismiss and for summary judgment.  If the Court disapproves that procedure, then Opulent respectfully requests that this Motion be treated as a motion for judgment on the pleadings and summary judgment.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a complaint does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter," which, when taken as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1955)).  However, claims for fraud are subject to a heightened pleading standard; they must be pled "with specificity," except for "conditions of mind," such as intent, "which may be alleged generally." Fed. R. Civ. P. 9(b).

A Rule 12(c) motion for judgment on the pleadings invokes the same standards, except that a Rule 12(c) motion may be made at any post-pleadings phase so long as it does not delay trial.

Federal Rule of Civil Procedure 56(a) provides for summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (SJ Order at 3.)  This rule "mandates the entry of summary judgment" against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986); SJ Order at 3.  The moving party discharges its initial burden by pointing out that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 322.

At summary judgment, "the judge must view the evidence presented through the prism of the substantive evidentiary burden" that obtains at trial. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 254 (1986).  That is, a party that must meet a heightened standard of proof at trial must meet a concomitantly higher standard in terms of "quality and quantity of evidence" at summary judgment. *Id.*  A claim under Section 1120 must be "'proven to the hilt' with clear and convincing

evidence." *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) ("A claim for fraud on the United States Patent and Trademark Office must be 'proven to the hilt' with clear and convincing evidence."); *accord OTR Wheel Eng'g Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1020 (9th Cir. 2018); *see also eCash Techs, Inc. v. Guagliardo*, 210 F.Supp.2d 1138, 1149 (C.D. Cal. 2001) (claims for fraud on the United States Patent and Trademark Office are disfavored and courts have imposed heavy burdens of proof).

### III.  ARGUMENT

Ya Ya Logistics' counterclaim fails for all the same substantive defects this Court identified in the SJ Order's analysis of the '22 Action's counterclaim. As illustrated in the chart above, the counterclaim's substantive allegations are identical to those already rejected by the SJ Order. The counterclaim, therefore, should be dismissed, adjudged on the pleadings, or summarily adjudicated. No matter which of those procedural route the analysis travels, the destination is the same: The SJ Order's analysis confirms that Ya Ya Logistics cannot pursue the counterclaim it asserted in the '23 Action.

#### A.  The Law of the Case Precludes Ya Ya Logistics's Counterclaim.

The law-of-the-case doctrine allows the Court to terminate Ya Ya Logistics' baseless counterclaim without further delay. *See Anthem Highlands Community Ass'n v. Viega, Inc.*, No. 2:12-cv-00207, 2013 WL 149573, at *2 (D. Nev. Jan. 14, 2013) ("the law of the case as given in any of the member cases will stand as the law of the case in the consolidated cases"); *see also Gordon v. Reliant Energy, Inc.*, 141 F. Supp. 2d 1041, 1044 (S.D. Cal. 2001) ("A decision on the merits of any important issue in any of the [consolidated cases], moreover, could or might constitute the law of the case in all of them, or involve collateral estoppel, or might be highly persuasive precedent") (quoting *In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136, 1143 (6th Cir. 1990)).

The Summary Judgment Order in the '22 Action already adjudicated every one of the material issues presented in the '23 Action's counterclaim, as shown in the chart above. The law-of-the-case doctrine prevents Ya Ya Logistics from wastefully re-litigating those issues, and the Court may dispense with the counterclaim on that basis.

### B.   Ya Ya Logistics Has Not, and Cannot, State Any Viable Counterclaim.

If the Court prefers to start where the prior district court left off, Ya Ya Logistics' claim fails on the pleadings. Specifically, Ya Ya Logistics has not alleged any cognizable damages, a necessary element of its counterclaim for fraud in the procurement of a federal trademark. 15 U.S.C § 1120. Furthermore, because Ya Ya Logistics's counterclaim is one for fraud, its damages allegations are subject to Rule 9(b)'s heightened pleading standard.

When alleging fraud in the procurement of a federal trademark, a party must demonstrate (1) a "false representation regarding a material fact; (2) the registrant's knowledge or belief that the representation is false (scienter); (3) the intention to induce action or refrain from action in reliance on the misrepresentation; (4) reasonable reliance on the misrepresentation; and (5) damages proximately resulting from such reliance." *Dahon North America, Inc. v. Hon*, No. 2:11-cv-05835-ODW, 2012 WL 1413681 (C.D. Cal. Apr. 24, 2012).

On element (5), damages, Ya Ya Logistics alleges only that it "has been forced to defend this federal action for infringement" against Opulent, and thus, "has been injured." ('23 Action, Dkt. No. 32 ¶ 24). But fees and costs are not legal damages under Section 1120.

### 1. Attorneys' Fees and Costs Are Not Recoverable Under 15 U.S.C. Section 1120.

Ya Ya Logistics cannot prove the damages element "by alleging that they have been forced to expend attorneys' fees in defending against [the] defendants' trademark claims, since attorneys' fees are not properly part of damages under Section [1120], and attorneys' fees alone thus cannot satisfy the damages requirement." *Zobmondo Ent. LLC v. Falls Media LLC*, No. 06-cv-3459-ABD, 2008 WL 6138835, at *11 (C.D. Cal. Aug. 11, 2008); *see also Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 876 (8th Cir. 1994) ("fees are not included within damages awarded under [Section 1120]"); *Exxon v. Corp. v. Exxene Corp.*, 696 F.2d 544, 551 (7th Cir. 1982) ("[T]he only damages proved by Exxene—its attorneys' fees—were not recoverable as damages under [Section 1120]"; *see also United Phosphorous, Ltd. v. Midland Fumigrant, Inc.,* 205 F.3d 1219, 1232 (10th Cir. 2000) (noting in the context of fees under 15 U.S.C. 1117 that Section "1120 does not allow for the award of attorney fees").  Nor can Ya Ya Logistics evade the rule that fees are not Section 1120 damages by distinguishing fees from "costs." *Ritz Hotel, Ltd. v. Shen Mfg. Co., Inc.*, No. 05-cv-4730, 2009 WL 1119496, at *2 (E.D. Pa. Apr. 27, 2009) ("litigation costs and attorneys' fees are not available as damages under Section 38 [of the Lanham Act, codified at 15 U.S.C. § 1120]").

This issue was already briefed before the transferor court. Ya Ya Logistics never identified cognizable damages.  It could do no more than recite empty legal conclusions.  (*E.g.*, '23 Action, Dkt. No. 40 at 4-5 ("There is little doubt that Defendant Ya Ya Logistics has been damaged").)

In short, Ya Ya Logistics has not set forth a sufficient basis upon which relief can be granted and its claims should be dismissed or adjudged on the pleadings.

### 2. Amendment Would Be Futile.

Ya Ya Logistics cannot save its counterclaim by amendment for two independent reasons.

*First*, Ya Ya Logistics will not be able to allege any cognizable damages because it had none.  Any and all harm it suffered it suffered because it could not distribute counterfeit products on account of Opulent's good-faith litigation and trademark prosecution.  Ya Ya Logistics can offer nothing but meritless speculation, which will never satisfy Rule 9(b).

*Second*, even if Ya Ya Logistics could identify cognizable damages, this Court's SJ Order shows that Ya Ya Logistics' counterclaim fails on other elements—including materiality, intent, and falsity—as explained in the Argument that follows.

      **C.**    **The SJ Order Demonstrates That Ya Ya Logistics Cannot Pursue Its Counterclaim.**

           **1.**    **No Evidence Supports Ya Ya Logistics' Claim About Falsity of Opulent's Advertising Budget (SJ Order Issue "A").**

Ya Ya Logistics alleges that Opulent's statement that it "spent approximately $38,000 annually in advertising, marketing and promoting [its] Chandelier Cake Stands since 2006" is false.  ('23 Action, Dkt. No. 32 at ¶ 18).  However, no records of pre-2014 annual spending and revenue exist.  (SJ Order at 5.)  And Ya Ya Logistics cannot identify any material falsehood in the reports for the subsequent relevant years.  (*Id.*)

Therefore, there is "no basis in the available record for a reasonable juror to conclude that Opulent's $38,000 *estimate* of its annual advertising budget was materially false."  (SJ Order at 5.)

           **2.**    **Ya Ya Logistics Failed to Identify Evidence Supporting the Necessary Element of Subjective Intent Concerning Advertising (SJ Order Issue "B").**

Ya Ya Logistics alleges fraud based upon Opulent's representation in it its application to the United States Patent and Trademark Office that it "generated over $700,000 in revenues from [its] Chandelier Cake Stands in 2018."  ('23 Action, Dkt. No. 32 at ¶ 16.)  Ya Ya Logistics' claim lacks merit. Ya Ya logistics theory of intent

relies on assertions not supported by the facts of the case and it fails to offer an alternative basis that Opulent intended to defraud the United States Patent and Trademark Office.

In the rare instance that Ya Ya Logistics is able to prove falsity, Ya Ya Logistics has not established a triable issue of fact as to subjective intent. In regard to fraudulent registration claims, subjective intent to deceive "is an indispensable element of the analysis." *In re Bose Corp.*, 580 F.3d 1240, 1245 (Fed. Cir. 2009). Specifically, "[i]f a false misrepresentation is occasioned by an honest misunderstanding or inadvertence without a willful intent to deceive" it cannot prove the requisite element of subjective intent. *Id.* Here, Opulent has not, and Ya Ya Logistics cannot identify any instance in which Opulent willfully intended to deceive the United States Patent and Trademark Office.

Furthermore, Ya Ya Logistics cannot argue that there is circumstantial evidence of deception. Ya Ya Logistics cannot establish Opulent's intent to deceive because it has no evidence tending to suggest that that any misstatement was anything but error. (SJ Order at 5-6.) In fact, Ya Ya Logistics itself concedes that "one of Opulent Treasures' misstatements or omissions could be explained away as a careless error." (*Id.* at 6; *see also* SUF 4- [party admissions that the trademark is strong on its face].)

In short, Ya Ya Logistics cannot identify a single instance in which Opulent willfully deceived the United States Patent and Trademark Office.

### 3. Opulent Did Not Fraudulently Omit Any Material Information About the Customer Declarations (SJ Issue "C")

Opulent submitted 39 customer declarations to the PTO. (SUF 3.) Ya Ya Logistics quarrels with only "several" of them. ('23 Action, Dkt. No. 32 at ¶ 21.) Specifically, Ya Ya Logistics contends that Opulent "knowingly failed to inform the U.S. Patent and Trademark Office that several of the declarants were people who

worked with Counterclaim Defendant." ('23 Action, Dkt. No. 32 at ¶ 21.)  Even if that were true, Ya Ya Logistics would need to show that Opulent "deliberately decided" to withhold employment information, that the employment information would have been material to the PTO's decision, and that the "several" declarations (out of 39) were material.  *CSL Silicones, Inc. v. Midsun Grp. Inc.*, 301 F. Supp. 3d 328, 353 (D. Conn. 2018).  Ya Ya Logistics has no evidence of the "quality and quantity" necessary to meet the clear-and-convincing evidentiary burden its fraud-on-the-PTO claim invokes.  *Anderson*, 477 U.S. at 254; *In re Bose Corp.*, 580 F.3d at 1243; *eCash Techs*, 10 F.Supp. 2d at 1149.

   Further, as noted by this Court in the Summary Judgment order, "Ya Ya does not seriously contend that the USPTO would have refused to register the mark had these purported omissions been addressed."  (SJ Order at 6-7; *see also* SUF 4-5 [party admissions that the trademark is strong on its face].)

   Because Ya Ya Logistics cannot set forth facts sufficient to support its' claim for fraud, namely, the materiality element, Ya Ya should be precluded from litigating its claims.

### 4. Opulent Did Not Omit Senior Use by Lamps Plus (SJ Issue "D").

Ya Ya logistics contends that Opulent's statement, "no other persons … [had] the right to use the mark in commerce," is fraudulent.  (SJ Order at 7.)  Ya Ya Logistics argues that the statement is fraudulent because Opulent knew and deliberately omitted the fact that, allegedly, Lamps Plus was selling similar products at the time.  (*Id.*)

However, even if that were true, Ya Ya Logistics fails to note the second requirement, namely that Ya Ya Logistics must show that Lamps Plus developed rights in the trade dress *before* Opulent's applied to the United States Patent and Trademark Office.

Despite that requirement, Ya Ya Logistics cannot, and has yet to, identify any Lamps Plus product "with nearly identical trade dress[es]" nor provided any evidence that Lamps Plus developed rights in the trade dress before Opulent's application to the United States Patent and Trademark Office. ('23 Action, Dkt. No. 32 at ¶ 10.)

Thus, because Ya Ya Logistics cannot identify any instance in which Lamps Plus was selling similar products at that time *or* that Lamps Plus developed rights in the trade dress before Opulent's application, Ya Ya Logistics should be precluded from litigating its claims.

### D.   No Additional Discovery Will Change the Outcome.

Ya Ya Logistics's commonly owned affiliate Ya Ya Creations already had full discovery on all the foregoing issues. The two Ya Yas are represented by the same counsel, and pursued the same legal strategy. (SUF 1-2.) And this Court's consolidation order has already established that the two Ya Yas and the two consolidated cases overlap. *See Cormier v. Penzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) ("The trial court may cut off a party's entitlement to discovery before a summary judgement ruling when the record indicates that further discovery will not likely produce facts necessary to defeat the motion.") Here, the two counterclaims overlap <u>completely</u>. (Section I, above.) There is no reason to further delay this case or waste party and judicial resources on Ya Ya Logistics's counterclaim.

### IV.   CONCLUSION

For the foregoing reasons, Opulent respectfully requests that this Court summarily adjudicate Ya Ya Logistics's counterclaim and adjudgment on the pleadings, or, alternatively, dismiss Ya Ya Logistics's counterclaims.

Dated:  October 27, 2023          By:   /s/Sean P. Rodriguez
                                         Sean P. Rodriguez

BOIES SCHILLER FLEXNER LLP
Sean P. Rodriguez (SBN 262437)
srodriguez@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

John Kucera (SBN 274184)
jkucera@bsfllp.com
2029 Century Park East, Suite 1520N
Los Angeles, California 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Plaintiff and Counter-Defendant OPULENT TREASURES, INC.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff and Counter-Defendant Opulent Treasures, Inc., hereby certifies that this brief contains 4,977 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 27, 2023        **BOIES SCHILLER FLEXNER LLP**

By: /s/ Sean P. Rodriquez
    Sean P. Rodriguez