**BOIES SCHILLER FLEXNER LLP**
John Kucera (SBN 274184)
jkucera@bsfllp.com
Simon P. Leen (SBN 332033)
sleen@bsfllp.com
Joshua Yaw Foli Quaye (SBN 325480)
jquaye@bsfllp.com
Samantha Parrish (SBN 318681)
sparrish@bsfllp.com
2029 Century Park East, Suite 1520
Los Angeles, California 90067
Telephone:  (213) 629-9040
Facsimile:   (213) 629-9022

Sean P. Rodriguez (SBN 262437)
srodriguez@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone:  (415) 293-6800
Facsimile:   (415) 293-6899

*Attorneys for Plaintiff and Counter-Defendant*
 *OPULENT TREASURES, INC.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YA YA CREATIONS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OPULENT TREASURES, INC.,<br><br>　　　　Defendant. | Case No. 2:22-cv-06137-SSS-JC<br>*[Consolidated with No. 23-04292]*<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND COUNTER-DEFENDANT OPULENT TREASURES, INC.** |
| OPULENT TREASURES, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>YA YA LOGISTICS, INC.,<br><br>　　　　Defendant. | Date:　　　September 6, 2024<br>Time:　　　1:00 p.m.<br>Judge:　　 Hon. Sunshine S. Sykes<br>Courtroom: 2 |

1 TO ALL PARTIES AND ATTORNEY OF RECORD:

2 PLEASE TAKE NOTICE that on September 6, 2024, at 1:00 p.m., or on the
3 date and time otherwise set by the Court, in the courtroom of the Honorable
4 Sunshine S. Sykes, United States District Judge, pursuant to L.R. 83-2.3.2, BOIES
5 SCHILLER FLEXNER LLP ("Counsel") will move this Honorable Court for an
6 order granting leave to withdraw as counsel of record for Opulent Treasures, Inc.
7 ("Opulent").

8 Counsel has provided notice to both Opulent and to Ya Ya Creations, Inc. and
9 Ya Ya Logistics, Inc. (together, "Ya Ya") of Counsel's intent to move to withdraw
10 pursuant to L.R. 83-2.3.2 and California Rule of Professional Conduct ("California
11 Ethics Rules") Rule 1.16(a).

12 Good cause exists for the Court to grant this motion because withdrawal is
13 *mandatory* under California Ethics Rule 1.16(a). In accordance with the California
14 Ethics Rules, Counsel's withdrawal is mandatory; however, Counsel has been
15 unable to obtain a signed Substitution of Attorney. Counsel has confirmed
16 independently that withdrawal is mandatory, has consulted with the California State
17 Bar "Ethics Hotline," and has had preliminary consultations with independent
18 outside ethics counsel. (*See* Declaration of John J. Kucera ("Kucera Decl."), ¶¶ 8-
19 10).

20 Counsel has advised Opulent of Counsel's intent to seek to withdraw and has
21 taken steps to avoid or minimize any prejudice both to Opulent and to Ya Ya, and
22 Counsel has taken steps to avoid any unnecessary delay and to avoid disruption to
23 this Court's administration of justice. *Id*. at ¶ 11.
24 / / /
25 / / /
26
27
28

This Motion is based upon the attached Memorandum of Points and Authorities, the Declaration of John J. Kucera, all files and records in this case, and any further evidence as may be adduced at the hearing on this Motion.

Dated: September 5, 2024

Respectfully submitted,

By: /s/ John Kucera
John Kucera

BOIES SCHILLER FLEXNER LLP
John Kucera (SBN 274184)
jkucera@bsfllp.com
Simon P. Leen (SBN 332033)
sleen@bsfllp.com
Joshua Yaw Foli Quaye (SBN 325480)
jquaye@bsfllp.com
Samantha Parrish (SBN 318681)
sparrish@bsfllp.com
2029 Century Park East, Suite 1520
Los Angeles, California 90067

Sean P. Rodriguez (SBN 262437)
srodriguez@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, California 94104

Attorneys for Plaintiff and Counter-Defendant OPULENT TREASURES, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Counsel brings this motion for leave to withdraw as counsel of record for Opulent Treasures, Inc. ("Opulent") due to an unwaivable conflict between Opulent and Counsel.  Counsel has taken steps to avoid any prejudice to Opulent and to Ya Ya Creations, Inc. and Ya Ya Logistics, Inc. (together, "Ya Ya") caused by Counsel's withdrawal.  Further, Counsel has taken steps to avoid unreasonable delay and to avoid harm to the Court's administration of justice.

## II.  RELEVANT FACTUAL AND PROCEDURAL HISTORY

On August 29, 2022, a complaint was filed that initiated this matter between Opulent and Ya Ya.  (ECF No. 1).  On June 21, 2023, Opulent entered into an engagement agreement with BOIES SCHILLER FLEXNER LLP ("BSF") to represent Opulent in this matter, and on July 28, 2023, BSF made its first appearance as attorneys of record for Opulent.  (*See* Declaration of John J. Kucera ("Kucera Decl."), ¶ 2 and ECF No. 49, 50, and 51).

Since first appearing, BSF has represented Opulent in various hearings and motions, including summary judgment motions (both affirmative and defensive). (ECF Nos. 53, 59, 65, 71, 72, 87, and 88).  At present, trial in this case is set to begin on September 23, 2024.  (ECF No. 57).

On July 10, 2024, Opulent and Ya Ya engaged in mediation before the Honorable Frederick F. Mumm, United States Magistrate Judge (Ret.), but that mediation did not result in a resolution of this case.  (ECF No. 57).  Then, on July 16, 2024, counsel for Ya Ya contacted BSF to request that Opulent stipulate to request a continuance of the trial to a date in December 2024.  (Kucera Decl. ¶ 5).

Following Ya Ya's request to stipulate to continue the trial date, and notwithstanding the unsuccessful mediation, the parties resumed settlement discussions.  *Id.* at ¶ 6.  Thereafter, following negotiations, the parties prepared a "Stipulation to Dismiss With Prejudice" based on the terms of the settlement (*Id.* at

4

¶ 6); and on August 9, 2024, the parties filed a "Joint Status Report on Settlement" and notified the Court that the parties had reached an agreement in principle (ECF No. 113).

However, after filing the Joint Status Report on Settlement, a conflict arose between BSF and Opulent, and BSF advised Opulent of such conflict. (Kucera Decl. ¶ 7). After consulting with attorneys within BSF regarding the nature of the conflict and whether such conflict could be waived, BSF concluded that the nature of the conflict mandated that BSF withdraw from representing Opulent pursuant to the relevant California Rules of Professional Conduct (the "California Ethics Rules"). *Id*. at ¶ 8.

Thereafter, BSF advised Opulent of its determination that the California Ethics Rules mandated that BSF withdraw from representing Opulent. *Id.* at ¶ 9.

Thereafter, BSF consulted with the California State Bar "Ethics Hotline," and also has had preliminary consultations with independent outside ethics counsel in order to confirm BSF's determination that the California Ethics Rules mandate that BSF withdraw from representing Opulent. *Id.* at ¶ 10.

Prior to BSF informing Opulent of its intent to withdraw, BSF took steps to avoid or minimize any prejudice to Opulent and Ya Ya. On September 3, 2024, BSF advised counsel for Ya Ya Logistics, of BSF's intent to move to withdraw. *Id.* at ¶ 11.

### III.   LEGAL STANDARD AND ARGUMENT

Pursuant to Local Rule 83-2.3.2, "an attorney, whether appointed or retained, may not withdraw as counsel except by leave of court." L.R. 83-2.3.2. "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action" and it "must be supported by good cause." *Id.*; see also California Ethics Rule 1.16(d) ("A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as

5

giving the client sufficient notice to permit the client to retain other counsel….").

"[W]here representation has commenced, [an attorney] shall withdraw form the representation of a client [under certain enumerated circumstances]." *Id*. at Rule 1.16(a).

Counsel provided notice to Opulent that, after seeking guidance from attorneys within BSF and, subsequently, from outside ethics counsel and from the California Bar "Ethics Hotline," Counsel had concluded that the California Rules of Ethics compelled Counsel to withdraw. (Kucera Decl., ¶¶ 8-9). On September 3, 2024, Counsel then provided notice to Ya Ya. *Id*. at ¶ 11.

## IV.   CONCLUSION

For the foregoing reasons, Counsel respectfully requests that the Court permit them to withdraw as counsel of record for Opulent.

Dated: September 5, 2024

Respectfully submitted,

By: */s/ John Kucera*
John Kucera

BOIES SCHILLER FLEXNER LLP
John Kucera (SBN 274184)
jkucera@bsfllp.com
Simon P. Leen (SBN 332033)
sleen@bsfllp.com
Joshua Yaw Foli Quaye (SBN 325480)
jquaye@bsfllp.com
Samantha Parrish (SBN 318681)
sparrish@bsfllp.com
2029 Century Park East, Suite 1520
Los Angeles, California 90067

Sean P. Rodriguez (SBN 262437)
srodriguez@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, California 94104

Attorneys for Plaintiff and Counter-Defendant OPULENT TREASURES, INC.

## **CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Opulent Treasures, Inc., certifies that this brief contains 1,716 words, which compiles with the world limit of L.R. 11-6.1.

Dated: September 5, 2024   */s/ John Kucera*
                                                      John Kucera

7
NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL
Case No. 2:22-cv-06137-SSS-JC