**Opulent TREASURES®**

October 1, 2024
Letter to Inform the Court

FILED
CLERK, U.S. DISTRICT COURT
10/1/24
CENTRAL DISTRICT OF CALIFORNIA
BY ____MRV____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

October 8, 2024, Hearing BSF Motion to Withdraw Response by Opulent Treasures

Case NO. 2:22-cv-06137
United States District Court
Central District of California

Dear Honorable Sunshine S. Sykes,

    I Carol Wilson, 64 years of age, am the sole owner, Founder, and Chief Executive Officer of Opulent Treasures, a California corporation based in El Segundo, where I live and work. Opulent Treasures is a luxury home products purveyor. I singlehandedly built a multimillion-dollar company, selling goods in The Marxmaxx Company, a $133 billion company which includes (Home Goods, Tjxmaxx, Marshalls, TKMaxx Europe, HomeSense Canada). I have sold as many as 90 shipping containers a year since 2006. Through this exposure I branded my company and as a result OT designs have been featured on The Bravo Real Housewives, ENews, Keeping up with the Kardashians, Vanderpump Rules and in Vogue and Glamour magazines. Opulent Treasures is very recognized brand in the Wedding Industry and on Pinterest.

    My designs are available on Opulent Treasures.com and other venues such as Amazon and Wayfair. In the past, Opulent Treasures was featured on QVC and The Today Show. On QVC, I was the on-air talent for my brand.

    I started my business in 1995 and grew it substantially after I created the "Chandelier Table Lamp," "Chandelier Cake Stands,", "Chandelier Cupcake holders" and additional entertaining pieces including candelabras and "Chandelier candleholders". I have been the sole designer for my company, and I have obtained copyrights and trademarks for these designs.

    Opulent Treasures has an obligation to enforce and police OT Trademarks and Copyrights and has a right to recover damages by law.

    In good faith on 8/17/21 Opulent Treasures filed a lawsuit with Ya Ya Creations to protect my rights and the Opulent Treasures Brand, spending over $1 Million of my retirement and inheritance "to defend my brand". This case has cost me 3 years of my life and has emotionally and financially devastated me and Opulent Treasures.

    I appreciate the courts attention and assistance with this matter regarding the information below.

Carol Wilson
Opulent Treasures, INC.

129 Lomita Street  El Segundo, CA 90245 • ph 310.863.6525 • fax 310.322.8736 • info@opulenttreasures.com

<u>Response to BSF withdrawing as counsel.</u>

On 9/23/24 I went to the United States District Court Central District of California in Riverside, CA to find that the trial I have been waiting for since 2023 was not on the calendar. BSF did not inform me of this critical change in my case.
When I asked BSF on 9/11/24 to provide information on the schedule of the trial and how OT continues settlement negotiations with Mr. Karish, I was told that BSF can no longer advise me and/or OT and to find new representation to assist me with my pending case with Ya Ya and all other legal matters and questions, including related to BSF motion to withdraw.

On 9/3/24 BSF presented OT's specific requests for settlement to Ya Ya. BSF at the same time advised Mr. Karish by email of their intention to withdraw as counsel. Mr. Karish did not accept nor express willingness to discuss further any of OT's settlement requests.

*I believed that good faith settlement negotiations with Ya Ya could take place up to the trial. In my experience, the most fruitful negotiations occur just prior to trial as both parties are more motivated to settle. Consequently, I do not believe simply because Mr. Karish did not accept the OT requested changes and negotiations stalled that BSF should be able to withdraw as my counsel.

*I don't believe that there are any issues between OT and BSF that prevent them from effectively representing OT's interests either in settlement discussions or at a trial.

*I confided in Mr. Kucera, as my attorney about a comment made by a BSF non-litigation lawyer about him and I don't believe that an irreconcilable conflict of interest exists.

*In June of 2023, my new attorney for the Ya Ya cases moved from Thoits Law to BSF, but according to them the case was "trial ready" at that time. Because of a venue issue created by previous counsel, the court ruled to vacate the 2023 trial date. Based on statements from my counsel, I believe the case was trial ready for July 10, 2023, and September 23, 2024, as well.

*On July 15, 2024, Mr. Karish found out Mitchel Su was having a baby the week of the scheduled trial date of 9/23/24 and wanted to see if Opulent would be willing to continue the trial date. At no time did Opulent Treasures agree to a continuance of a trial date.

*At no time did OT agree to BSF withdrawing as Counsel.

Opulent Treasures Good Faith settlement negotiations with Ya Ya Creations

Three Settlement Hearings

*8/1/22 Hon. Judge Suzanne Segal (Ret.)
Opulent initially demanded $2,750.000 to fully resolve claims.
At the end of negotiations Ya Ya offered $5,000 on top of the injunction on products listed in the suit. OT countered with $300k and mediation ended.

*6/15/2023 Hon. Jacqueline Chooljian
Judge Chooljian commented that OT's counter on 8/1/22 of $300K seemed fair.

On 6/15/24 Opulent demanded $1,700,000.
Expert Shelly Irvine on 1/20/23 calculated damages of $845,499 for OT. Ya Ya's profit on the Accused Products from September 2017-December 2022 total $785,434. To this date Ya Ya continues to sell the Accused Products from Exhibit A and Opulent Treasures Copyright designs. During negotiations Ya Ya still wanted to keep OT Designs/offered $60k and agreed to dispose of inventory.

* March of 2024, Mr. Karish contacted BSF expressing his client's interest to settle. OT lowered the demand to $1,500,000. BSF did not hear back from Mr. Karish.
The last settlement demand to Balsa occurred on December 1, 2022. OT demanded $120,000 to fully resolve all claims related to the Accused Products asserted against Balsa.

*July 10, 2024, Hon. Judge Mumm
OT started at $1,500,000.

Mr. Karish started his negotiations with the offer to waive the Awarded Attorney's Fees and costs of $98,276.20 from Case No. 1:23-cv-01283. OT was made aware of a judgment against OT in this case by BSF for the first time on 5/7/24. Mr. Karish maintained that number throughout the settlement conference. If Ya Ya had stopped selling OT designs as they agreed to in 2022, had not used photos in advertising from a company that has a default judgment against them and are no longer in business, the confusion that was the basis for the inclusion would not have taken place.
Eighteen pages of active Ya Ya sales links of OT protected designs from sales channels such as Amazon, Walmart and Pinterest were presented as proof of Ya Ya's continued bad faith.
When presented with the links, Mr. Karish advised Judge Mumm that Ya Ya had stopped selling the OT infringing products in 2022, but these were current/active sales links and proof that Ya Ya has continued to sell unchecked.
A default judgment signed on 3/1/23 by US Magistrate Judge Derek T. Gilliland, United States District Court for The Western Division of Texas was presented to Mr. Karish with the designs that Ya Ya is still selling.

Respectfully, precedent has been set in other court cases with permanent injunctions and a default judgment with the designs that Ya Ya Creations continues to sell and doesn't want to include in the settlement agreement.
Mr. Karish is aware of other court cases because he represented a retail client in a previous settlement agreement with Opulent Treasures. Ya Ya Creations hired Mr. Karish as counsel around that same time.


Upon further research, I found a court document dated 1/22/22 Mr. Karish stated, "I have checked with my client and my understanding is that CHDLR_045 and CHDLR_46 have been taken down from all platforms that Ya Ya Creations can control including, but not limited it to, Amazon and Walmart. Additionally, my understanding is that Ya Ya Creations has taken down whatever Pinterest allows them to with regard to the CHDLR_045 and CHDLR_046 products."

CHDLR_45, CHDLR_46 is still being sold and advertised. Mr. Karish tried to use those same two products in current negotiations as if Ya Ya had not already agreed to stop selling those designs in 2022.

Another confusion addressed in the document Mr. Karish states "My understanding is that Ya Ya Creations has no ownership or control over http://www.tableclothfactory.com (no "s" after tablecloth). Ya Ya Creations does not know if the products for sale on http://www.tableclothfactory.com are from Ya Ya Creations or some other vendor(s). However, as a courtesy and show of good faith, Ya Ya Creations has reached out to http://www.tableclothfactory.com to advise them that Ya Ya Creations is not selling CHDLR_045 and CHDLR_046 products."
Tableclothfactory is using the identical product photos and style numbers that Ya Ya Creations uses.

In a 10/7/22 court document filed for Case 2:22-cv-02616-SSS(JCx), Case 2:22-cv006137-SSS(JCx), Page 11/12, Status of Defaulted Defendants signed by Mr. Karish and Mr. Cooper Balsa Circle Attorney, paid for by Mitchell Su. There were no objections on the entry of default judgement for Chair Cover Factor, Inc. and Chicago Chair Covers, Inc. for the Accused Designs that Ya Ya continues to sell and doesn't want to include in the settlement agreement.

OT Terms of Agreement for Settlement

The terms that I respectfully request going forward are stated as the following:

1) Fair monetary compensation for Opulent Treasures from Ya Ya Creations, Ya Ya Logistics and Balsa Circle, in conjunction with the $98,276.20 from Case No. 1:23-cv-01283 to be waived and the judgment dismissed.

*Ya Ya Creations provided sales figures of over $1,500,000 of OT Designs from 2017-2022 and profits of $785,434 found in the 1/20/23 Expert Shelly Irvine Report.
*Since filing Case No. 2:22-cv-02616 on 8/17/2021, Ya Ya did not stop manufacturing, distributing, advertising, or selling OT Designs. Ya Ya continues to add more OT Designs, additional drop shippers that sell OT Designs, uses product photos from a company that OT has a court default judgment against. Promotes Chandelier Cake Stands and Chandelier Cupcake Holders and Metal Cake Stands. These deigns were created by OT and did not exist Worldwide.

2) Cessation of Sale of Accused Products
 Permanent injection from Exhibit A /Copyrights in the Ya Ya Logistics Case
 Takedown of Accused Products/Copyrights and Scrub 14 days after the signed agreement

*Ya Ya doesn't want to include all of OT TM's and Copyrights in this agreement
*Ya Ya wants to continue to sell until 2025, because Ya Ya doesn't want to interfere with their advertising algorithms.

3) Destruction of Inventory
Within 14 days of the signed agreement

*Ya Ya wants to sell until 2025 without any monetary compensation to OT.

4) Resolution of Future Disputes (Number 13 from the proposed agreement)
OT will email a list to Mr. Karish for takedowns to be completed within 14 days of receipt. This worked for all previously settlement agreements.

*Mr. Karish proposed taking future disputes to arbitration to let the arbitrators decide if the design rights belong to OT. Arbitration is not the solution as it is incredibly costly and time consuming. This doesn't work for OT considering we have been in litigation, and I wish to move forward from this case.
This case started in 2021 and given the fact that Ya Ya hasn't stopped selling OT designs with a filed court case and continues to add OT designs, this is not the direction OT will go.

I would appreciate the courts assistance to reach an equitable settlement agreement for OT with this case.

Thank you,
Carol Wilson