Robert D. Fish (SBN 149711)
rfish@fishiplaw.com
Joseph A. Andelin (SBN 274105)
jandelin@fishiplaw.com
FISH IP LAW, LLP
19900 MacArthur Blvd., Suite 810
Irvine, California 92612
Telephone: (949) 943-8300
Facsimile: (949) 943-8358

Attorneys for Plaintiff and Defendant,
OPULENT TREASURES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPULENT TREASURES, INC., <br> Plaintiff, <br> v. <br> YA YA CREATIONS, INC., BALSA CIRCLE, LLC, et al. <br> Defendants. | **Case No. 2:22-cv-02616-SSS-JC** <br> *Consolidated with Case No. 2:22-cv-6137 and Case No. 2:23-cv-04292* |
| YA YA CREATIONS, INC., <br> Plaintiff, <br> v. <br> OPULENT TREASURES, INC., <br> Defendant. | **Case No. 2:22-cv-6137-SSS-JC** <br> *Consolidated with Case No. 2:22-cv-02616 and Case No. 2:23-cv-04292* |
| OPULENT TREASURES, INC., <br> Plaintiff, <br> v. <br> YA YA LOGISTICS, INC., et al. <br> Defendants. | **Case No. 2:23-cv-04292-SSS-JC** <br> *Consolidated with Case No. 2:22-cv-02616 and Case No. 2:22-cv-6137* <br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT** <br> Judge: Hon. Sunshine S. Sykes <br> Hearing Date: June 27, 2025 <br> Time: 1:00pm <br> Courtroom: 2 (Zoom videoconference) |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 27, 2025, at 1:00pm or as soon thereafter, before the Honorable Sunshine S. Sykes, in Courtroom 2 of the United States District Court, Central District of California, located at the George E. Brown, Jr. Federal Building and U.S. Courthouse, at 3470 Twelfth Street, Riverside, California 92501-3801, Plaintiff and Defendant Opulent Treasures, Inc., hereby moves this Court for leave to file a second motion for summary judgment pursuant to the Court's Civil Standing Orders (Dkt. 12). The Parties are instructed to attend the hearing via Zoom videoconference pursuant to the Court's Order on June 11, 2025 (Dkt. 160).

This Motion is made following the conference of counsel that took place on June 2, 2025. (Andelin Decl. ¶ 3). This Motion is based on this Notice of Motion, and the accompanying Memorandum of Points and Authorities, the accompanying Declaration, the pleadings and papers filed in this action, and any other evidence properly brought before this Court at the hearing on the Motion.

**DATED**: June 11, 2025            **FISH IP LAW, LLP**

By:   /s/ *Joseph A. Andelin*
      Joseph A. Andelin, Esq. (SBN 274105)
      Attorneys for Plaintiff and Defendant
      OPULENT TREASURES, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

Opulent filed a motion for partial summary judgment on March 8, 2024 (Dkt. 87). The motion sought summary judgment against Ya Ya's claims in the complaint in case no. 2:22-cv-06137 (Dkt. 1) for misrepresentation under 17 U.S.C. §512(f), intentional interference with prospective economic advantage, violation of California's Unfair Competition Law, and declaratory relief of invalidity and non-infringement of Opulent's copyright registrations. Opulent's motion also sought summary judgment that Opulent's copyrights have a presumption of validity, and that Ya Ya Logistics is contributorily and/or vicariously liable for Ya Ya Creation's infringement due to joint ownership and control. Ya Ya filed an opposition on March 22, 2024 (Dkt. 89). Opulent replied on March 29, 2024 (Dkt. 92). The Court denied the motion on April 24, 2024, because this was Opulent's second motion for summary judgment and Opulent's prior counsel failed to seek leave to file a second motion for summary judgment pursuant to the Court's Civil Standing Orders (Dkt. 98).

Opulent believes there is good cause to have its second motion for summary judgment (Dkt. 87) adjudicated on the merits for the following reasons:

### 1. Opulent's Second Motion For Summary Judgment Is Justified Given The Complexity Of The Case.

The present action is a consolidation of three separate lawsuits involving several related entities. In the first case, Opulent Treasures, Inc. sued Ya Ya Creations, Inc. on August 17, 2021, in the United States District Court for the Eastern District of Texas for trademark infringement, trade dress infringement, trade dress dilution, and unfair competition (Dkt. 1, case no. 2:21-cv-00313). On March 30, 2022, the case was transferred to Central District of California (Dkt. 41). In the Central District of California, the case was assigned as case no. 2:22−cv−02616 (Dkt. 44). On April 29, 2022, Opulent filed a Second Amended

1. Complaint and added Balsa Circle, LLC as a defendant to the lawsuit (Dkt. 57). Ya Ya Creations and Balsa Circle countersued on May 3, 2022, alleging that Opulent Treasures committed fraud before the United States Patent and Trademark Office (Dkt. 60). The fraud counterclaim was dismissed on April 17, 2023 (Dkt. 227).

In the second case, Opulent Treasures, Inc. sued Ya Ya Logistics, Inc. on August 24, 2022, in the United States District Court for the Middle District of Florida for copyright infringement, trademark infringement, counterfeiting, trade dress infringement, and unfair competition (Dkt. 1, case no. 3:22-cv-00921). On May 26, 2023, the case was transferred to the Central District of California (Dkt. 58). In the Central District of California, the case was assigned as case no. 2:23−cv−04292 (Dkt. 60).

In the third case, Ya Ya Creations, Inc. sued Opulent Treasures, Inc. on August 29, 2022, in the United States District Court for the Central District of California for declaratory relief of invalidity and non-infringement of Opulent's copyrights, violation of 18 U.S.C. §512(f) for sending misrepresenting takedown notices to Amazon, unfair competition, and intentional interference with prospective economic advantage (Dkt. 1, case no. 2:22-cv-06137). On July 13, 2023, all three cases were consolidated (Dkt. 43).

Opulent believes there is good cause for its second motion for summary judgment given the number of claims and counterclaims, the number of parties, and the convoluted procedural history.

### 2. Opulent's Second Motion For Summary Judgment Will Not Unduly Burden The Court.

Opulent's first motion for summary judgment was filed on October 27, 2023 (Dkt. 65, case no. 2:22-cv-06137). That motion sought summary judgment against Ya Ya's counterclaim for fraud in federal trademark registration under 15 U.S.C.

2
PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND
MOTION FOR SUMMARY JUDGMENT

§1120 in case no. 2:23-cv-04292 (Dkt. 32). The Court granted the motion on January 23, 2024 (Dkt. 83), based on the same reasoning as the Court's previous dismissal of Ya Ya's counterclaim for fraud under 15 U.S.C. § 1120 in case no. 2:22-cv-02616 (Dkt. 227).

Opulent's first motion for summary judgment was only 13 pages (Dkt. 65, pgs. 6-18) and was largely duplicative of its motion for summary judgment in case no. 2:22-cv-02616 (Dkt. 108; Dkt 114). Opulent's second motion for summary judgment was only 19 pages (Dkt. 87). If the Court were to allow Opulent's second motion for summary judgment, it would essentially be granting Opulent seven (7) additional pages beyond the twenty-five (25) page limit. Opulent believes the seven (7) additional pages are reasonable in light of the complexity of the case and would not create an undue burden on the Court.

Moreover, Ya Ya's motion for summary judgment is only 8 pages (Dkt. 86). Opulent considers the parties' requests for decisions on their summary judgment motions to be reasonable given the history of the case, and the expected total amount of work required for the Court to decide the motions. Both motions are already fully briefed, and the parties have agreed that the motions can be decided without any additional briefing.

### 3. Opulent's Second Motion For Summary Judgment Addresses Different Issues Than Ya Ya's Motion, And Will Help To Simplify Issues For Trial.

Opulent believes there is good cause to have its second motion for summary judgment (Dkt. 87) adjudicated on the merits because it addresses different issues than Ya Ya's motion for summary judgment (Dkt. 86). Ya Ya's motion for summary judgment sought dismissal of Opulent Treasures' ("Opulent") claims in the first amended complaint in case no. 2:23-cv-04292 (Dkt. 14) for lack of admissible evidence. Ya Ya argued that Opulent cannot prove its claims for

federal copyright infringement, federal trademark infringement, unfair competition, and damages because Opulent failed to produce evidence in response to interrogatories, and therefore lacks any admissible evidence.  Opulent opposed the motion and argued that evidence discovered in lead case no. 2:22-02616 would be admissible in case no. 2:23-cv-04292.  Opulent also argued that Ya Ya failed to challenge Opulent's objections to Ya Ya's discovery requests, and noted that this Court previously held that Ya Ya failed to identify any court order concerning the sufficiently of Opulent's discovery responses.

Opulent's second motion for summary judgment sought judgment against Ya Ya Creations' claims in the complaint in case no. 2:22-cv-06137 (Dkt. 1) for misrepresentation under 17 U.S.C. §512(f), intentional interference with prospective economic advantage, violation of California's Unfair Competition Law, and declaratory relief of invalidity and non-infringement of Opulent's copyright registrations.  In particular, Opulent argued that Ya Ya lacked any evidence to show that Opulent's copyright registrations are invalid, or that Opulent acted in bad faith (*i.e.*, actual knowledge of misrepresentations) by sending Amazon takedown notices.  Opulent also argued that Ya Ya's state law causes of action are preempted by federal law.  Further, Opulent argued that there is no genuine dispute that Opulent owns valid copyrights, that Ya Ya Logistics and Ya Ya Creations are both 100% owned and operated by Mitchell Su, that Ya Ya Logistics serves as Ya Ya Creations' east coast warehouse, and that Ya Ya Logistics has contributory liability and vicarious liability for Ya Ya Creations infringement.

Opulent's second motion for summary judgment addresses different issues than Ya Ya's motion for summary judgment.  Adjudication of Opulent's second motion for summary judgment will help to simplify issues for trial, as well as potentially bringing the parties closer to settlement.

**CONCLUSION**

Opulent believes there is good cause for its second motion for summary judgment and requests that the Court grant leave to file its second motion for summary judgment.

**DATED:** June 11, 2025

**FISH IP LAW, LLP**

By: /s/Joseph A. Andelin
Joseph A. Andelin (SBN 274105)
Attorneys for Plaintiff and Defendant
OPULENT TREASURES, INC.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing *Motion for Leave to File a Second Motion for Summary Judgment* was served on all counsel of record via the Court's CM/ECF system and via email on June 11, 2025.

**DATED:** June 11, 2025

**FISH IP LAW, LLP**

By: */s/Joseph A. Andelin*
Joseph A. Andelin (SBN 274105)
Attorneys for Plaintiff and Defendant
OPULENT TREASURES, INC.