Robert D. Fish (SBN 149711)
rfish@fishiplaw.com
Joseph A. Andelin (SBN 274105)
jandelin@fishiplaw.com
FISH IP LAW, LLP
19900 MacArthur Blvd., Suite 810
Irvine, California 92612
Telephone: (949) 943-8300
Facsimile: (949) 943-8358

Attorneys for Plaintiff and Defendant,
OPULENT TREASURES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPULENT TREASURES, INC., <br><br>    Plaintiff, <br><br> v. <br><br> YA YA CREATIONS, INC., BALSA CIRCLE, LLC, et al. <br>    Defendants. | **Case No. 2:22-cv-02616-SSS-JC** <br><br> *Consolidated with Case No. 2:22-cv-6137 and Case No. 2:23-cv-04292* |
| YA YA CREATIONS, INC., <br><br>    Plaintiff, <br> v. <br><br> OPULENT TREASURES, INC., <br>    Defendant. | **Case No. 2:22-cv-6137-SSS-JC** <br><br> *Consolidated with Case No. 2:22-cv-02616 and Case No. 2:23-cv-04292* |
| OPULENT TREASURES, INC., <br><br>    Plaintiff, <br><br> v. <br><br> YA YA LOGISTICS, INC., et al. <br>    Defendants. | **Case No. 2:23-cv-04292-SSS-JC** <br><br> *Consolidated with Case No. 2:22-cv-02616 and Case No. 2:22-cv-6137* <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Judge: Hon. Sunshine S. Sykes <br><br> Hearing Date: August 1, 2025 <br> Time: 2:00pm <br><br> Courtroom: 2 (Zoom videoconference) |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 1, 2025, at 2:00pm or as soon thereafter, before the Honorable Sunshine S. Sykes, in Courtroom 2 of the United States District Court, Central District of California, located at the George E. Brown, Jr. Federal Building and U.S. Courthouse, at 3470 Twelfth Street, Riverside, California 92501-3801, Plaintiff and Defendant Opulent Treasures, Inc., hereby moves this Court for partial summary judgment against Plaintiff YA YA CREATIONS, INC. ("Ya Ya Creations") and Defendant/Counter-Plaintiff YA YA LOGISTICS, INC. ("Ya Ya Logistics") (together, "Ya Ya"), pursuant to Federal Rules of Civil Procedure 56.  The Parties are instructed to attend the hearing via Zoom videoconference pursuant to the Court's Order on June 27, 2025 (Dkt. 165).

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on June 2, 2025.  This Motion is based on this Notice of Motion, and the accompanying Memorandum of Points and Authorities, the accompanying Declarations of Carol Wilson and Samantha Parrish filed concurrently herewith, the pleadings and papers filed in this action, and any other evidence properly brought before this Court at the hearing on the Motion.

**DATED**: July 10, 2025          **FISH IP LAW, LLP**

                                        By:    */s/ Robert D. Fish*
                                               Robert D. Fish, Esq. (SBN 149711)
                                               Attorneys for Plaintiff and Defendant
                                               OPULENT TREASURES, INC.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 1

II.  PROCEDURAL BACKGROUND ...................................................................... 2

III. FACTUAL BACKGROUND ............................................................................. 3

IV.  LEGAL STANDARD. ........................................................................................ 5

V.   ARGUMENT ..................................................................................................... 5

    A.   YA YA CREATIONS CANNOT PROVE ITS CLAIM FOR DECLARATORY JUDGMENT ............................................................... 5

    B.   YA YA CREATIONS CANNOT PROVE ITS CLAIM UNDER 17 U.S.C. SECTION 512(f) .................................................................... 6

    C.   OPULENT IS ENTITLED TO SUMMARY JUDGMENT ON  YA YA CREATIONS' STATE LAW CAUSES OF ACTION ........................ 10

        i.   Ya Ya's State Law Causes of Action are Premised on DMCA Takedown Notices and are Preempted by Federal Law ............. 10

        ii.  Ya Ya Creations Cannot Establish Opulent Interfered with its Prospective Economic Advantage. .............................................. 12

        iii. Ya Ya Creations Cannot Establish a Violation of California's Unfair Competition Law ............................................................. 13

    D.   OPULENT IS ENTITLED TO SUMMARY JUDGMENT ON ISSUES RELEVANT TO ITS COPYRIGHT INFRINGEMENT CLAIM. ....... 15

        i.   Opulent Owns the Opulent Copyrights ...................................... 15

        ii.  Ya Ya Logistics is Contributorily Liable for Any and All Infringement by Ya Ya Creations. ............................................... 16

        iii. Ya Ya Logistics is Vicariously Liable for Ya Ya Creations' Infringement. ............................................................................... 17

VI.  CONCLUSION ................................................................................................ 19

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                          <u>Page(s)</u>

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
  2011 WL 2690437 (N.D. Cal. 2011)..................................................... 10

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)............................................................................ 5

*Batzel v. Smith*,
  333 F.3d 1018 (9th Cir. 2003)............................................................ 6

*Beaver v. Tarsadia Hotels*,
  816 F.3d 1170 (9th Cir. 2016)............................................................ 14

*Blank v. Kirwan*,
  39 Cal. 3d 311 (1985).......................................................................... 12

*Boschma v. Home Loan Ctr., Inc.*,
  198 Cal. App. 4th 230 (2011)............................................................ 13

*Brown v. Allstate Ins. Co.*,
  17 F. Supp. 2d 1134 (S.D. Cal. 1998)................................................ 12

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)............................................................................ 5

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999)........................................................................ 14

*Complex Media, Inc. v. X17, Inc.*,
  2019 WL 2896117 (C.D. Cal. Mar. 4, 2019)...................................... 10

*Daro v. Superior Court*,
  151 Cal. App. 4th 1079 (2007)............................................................ 13

*Dudnikov v. MGA Entm't*,
  410 F. Supp. 2d 1010 (D. Colo. 2005).............................................. 8, 9

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT

*Ellison v. Robertson,*
  357 F.3d 1072 (9th Cir. 2004)................................................................. 18

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.,*
  499 U.S. 340 (1991)…..................................................................... 15

*Fonovisa v. Cherry Auction, Inc.,*
  76 F.3d 259 (9th Cir. 1996)......................................................... 16, 17

*In re Pomona Valley Med. Grp., Inc.,*
  476 F.3d 665 (9th Cir. 2007)......................................................... 13

*Kamar Intern., Inc. v. Russ Berrie and Co.,*
  657 F.2d 1059 (9th Cir. 1981)......................................................... 6

*Korea Supply Co. v. Lockheed Martin Corp.,*
  29 Cal. 4th 1134 (2003)......................................................... 12, 13

*Lenz v. Universal Music Corp.,*
  2008 WL 962102 (N.D. Cal. Apr. 8, 2008)......................................... 10

*Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.,*
  658 F.3d 936 (9th Cir. 2011)......................................................... 16, 17

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,*
  545 U.S. 913 (2005)......................................................... 17

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.,*
  210 F.3d 1099 (9th Cir. 2000)......................................................... 13

*Online Policy Grp. v. Diebold, Inc.,*
  337 F. Supp. 2d 1195 (N.D. Cal. 2004)......................................... 6, 10

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP,*
  133 Cal. App. 4th 658 (2005)......................................................... 18

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,*
  494 F.3d 788 (9th Cir. 2007)......................................................... 15, 16, 17

*Pickern v. Pier 1 Imports (U.S.), Inc.,*

iv

457 F.3d 963 (9th Cir. 2006)........................................................................ 11

*Rossi v. Motion Picture Ass'n of Am. Inc.,*
391 F.3d 1000 (9th Cir. 2004)............................................................... 7, 8, 9

*Scott v. Harris,*
  550 U.S. 372 (2007)................................................................................. 5

*Sky Billiards, Inc. v. WolVol, Inc,.*
  2016 WL 7479428 (C.D. Cal. July 11, 2016)....................................... 12

*Stardock Sys., Inc. v. Reiche*, No. C,
  2019 WL 8333514 (N.D. Cal. May 14, 2019)....................................... 11

*U.S. Auto Parts Network, Inc. v. Parts Geek, LLC,*
  692 F.3d 1009 (9th Cir. 2012)................................................................. 5

*UMG Recordings, Inc. v. Augusto,*
  558 F. Supp. 2d 1055 (C.D. Cal. 2008)................................................... 7

*United Fabrics Int'l, Inc. v. C&J Wear, Inc.,*
  630 F.3d 1255 (9th Cir. 2011)........................................................... 6, 15

*Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.,*
  178 F. Supp. 2d 1099 (C.D. Cal. 2001)................................................. 14

Statutes

15 U.S.C. §§ 1051, et. seq. ................................................................... 2

15 U.S.C. § 1114(1) .............................................................................. 2

15 U.S.C. § 1125(a) .............................................................................. 2

15 U.S.C. 1125(c) ................................................................................. 2

17 U.S.C. § 106 .................................................................................. 15

17 U.S.C. § 410(c) ........................................................................... 6, 15

v

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT

17 U.S.C. § 501(a) ............................................................................. 2, 3

17 U.S.C. § 512 ................................................................................... 6, 7

17 U.S.C. § 512(c)(3)(A)(v) ..................................................................... 7

17 U.S.C. § 512(f) ........................................................................... *passim*

28 U.S.C. § 2201 ...................................................................................... 3

Business Code § 17200. .................................................................. 2, 3, 13

<u>Rules</u>

Fed. R. Civ. P. 56 ................................................................................... 2

Fed. R. Civ. P. 56(a) .............................................................................. 5

<u>Other Authorities</u>

S. Rep. No. 105-190 .............................................................................. 6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT

## I.    INTRODUCTION

Ya Ya Creations Inc.'s ("Ya Ya Creations") sued Opulent Treasures Inc. ("Opulent") for enforcing Opulent's copyrights by issuing takedown notices to third-party websites under the Digital Millennium Copyright Act ("DMCA"). Opulent's behavior was perfectly legal, and Opulent moves for summary judgment to dispose of Ya Ya Creations claims for misrepresentation under 17 U.S.C. section 512(f) ("Section 512(f)"), intentional interference with prospective economic advantage, violation of California's Unfair Competition Law ("UCL") and declaratory relief. Summary judgment against Ya Ya Creations is warranted on each of Ya Ya Creations' claims because the record contains no evidence supporting elements of each of those claims.

The copyright registration certificates constitute *prima facie* evidence of the validity of Opulent's copyrights. Ya Ya Creations is not able to offer any evidence to contradict this presumption of validity; thus, summary judgment must be entered against Ya Ya's request for a declaration that Opulent's copyrights are invalid. Opulent's subjective good faith belief that Ya Ya Creations was infringing Opulent's copyrights is uncontroverted and without any evidence that Opulent had "actual knowledge" of a misrepresentation, Ya Ya Creations cannot establish liability under Section 512(f). Nor can it establish that Opulent violated any law, as required for its state law interference claim, or that it participated in unfair or deceptive business practices, as required for its state-law UCL claim. Regardless of the record, Ya Ya Creations' state-law claims must also fail because they are preempted by federal law.

Opulent is also entitled to summary judgment on two issues relevant to Opulent's copyright infringement claim against Ya Ya Logistics.

*First*, Opulent holds copyrights registrations over the Opulent Copyrights and is entitled to the presumptions of ownership and validity accorded to the registered

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

copyrights. Ownership of valid copyrights is an essential element to Opulent's copyright infringement cause of action and, thus, is appropriate for summary judgment at this stage.

*Second*, Ya Ya Logistics is contributorily and/or vicariously liable for all infringement committed by Ya Ya Creations because each entity exercises joint ownership and control over the Accused Products.[1]

No genuine dispute of material fact exists on these issues; thus, summary judgment is appropriate.

## II.    PROCEDURAL BACKGROUND

In this consolidated action,[2] Opulent seeks injunctive relief and asserts claims against Ya Ya Logistics for direct and contributory federal copyright infringement under 17 U.S.C. section 501(a), federal trademark infringement, trademark counterfeiting, trade dress infringement, trade dress dilution, false designation of origin, unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and

---

[1] The Accused Products include Ya Ya Creations' SKU numbers: CHDLR_CAKE01_GOLD; CHDLR_CAKE01_054; CHDLR_CAKE01_WHT; CHDLR_CAKE02_GOLD; CHDLR_CAKE02_054; CHDLR_CAKE02_SILV; CHDLR_CAKE02_WHT; CHDLR_045_GOLD; CHDLR_045_054; CHDLR_045_SILV; CHDLR_CAKE05_8_GOLD; CHDLR_CAKE05_8_054; CHDLR_CAKE05_8_SILV; CHDLR_CAKE05_8_WHT; CHDLR_CAKE04_GOLD; CHDLR_CAKE04_WHT; CHDLR_CAKE03_GOLD; CHDLR_CAKE03_WHT; CHDLR_CAKE03_BLK; CHDLR_CAKE03_SILV; CHDLR_CAKE03_054 ("the Accused Products").

[2] The Court consolidated No. 2:23-cv-04292 and No. 2:22-06137 for all purposes. [Dkt. 43.] In the related stayed case No. 2:22-02616, only Opulent's federal causes of action against Ya Ya Creations remain, including: infringement of a registered trademark, 15 U.S.C. § 1114(1); trade dress infringement, 15 U.S.C. § 1125(a); trade dress dilution, 15 U.S.C. 1125(c); and unfair competition, 15 U.S.C. 1125(a). The Court intends to consolidate all three matters for purposes of pretrial proceeding and trial. [Dkt. 43.]

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

common law trade dress infringement. [04292-Dkt. 14.] Ya Ya Creations "seeks a declaration that Plaintiff's cake stand products do not infringe any of U.S. Copyright Registration," and asserts claims arising out of Opulent's issuing DMCA takedown notices to enforce its copyright registrations, including declaratory relief, 28 U.S.C. section 2201 (Count 1), violation of 17 U.S.C. section 512(f) (Count 2), violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code section 17200, *et seq.* (Count 3), and intentional interference with prospective economic advantage.3 [Dkt. 1 at 2.]

### III.    FACTUAL BACKGROUND

Since 1995, Opulent has designed, distributed, marketed, offered for sale, and sold home entertainment and décor goods. (Declaration of Carol Wilson ("Wilson Decl."), ¶ 3.) Opulent is the creator of the "Chandelier Cake Stand," "Chandelier Cupcake Holder," "Chandelier Candle Holder" and many other distinct designs ("Opulent Designs"). (*Id.*) Opulent conceived, designed, invented, caused to subsist in material form and first published the original Opulent Designs in August 2006. (*Id.* ¶ 6.) Shortly thereafter, Opulent began to commercialize products and immediately attracted substantial international media attention and success. (*Id.*) First serving specialty stores, boutiques, and event planners, Opulent has grown into a multi-million dollar business, shipping up to 40,000 pieces per month, with a sales revenue of approximately $3 million annually. (*Id.*) Today, Opulent products are sold across the globe via online sales channels, including e-commerce platforms such as Wayfair, Houzz, Amazon, and QVC, and through Opulent's own website at www.opulenttreasures.com, as well as via large brick-and-mortar retailers, such as Home Goods, TJMaxx, Marshalls, Winners, Home Sense and TKMaxx Europe all fall under The TXJ Companies, INC. (*Id.*)

---

3 The Court dismissed Ya Ya Logistics' and Ya Ya Creations' counterclaims for fraud in both No. 2:22-02616 and No. 2:22-06137. [Dkt. 83.]

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

At least eight of Opulent's Designs have been registered with the United States Copyright Office, including the following copyright registrations: VA 2-298-980 for its Round Cake Stand, VA 2-299-360 for its Chandelier Cupcake Cake/Cupcake/Desert Stand, VA 2-299-364 for its Chandelier Cupcake Stand, VA 2-299-366 for its 3 Tier Chandelier Dessert Stand, VA 2-304-222 for its Set of 3 Square Chandelier Dessert Stand, VA 2-308-419 for its Round Cake Stand with Crystals, VA 2-309-157 for its Moroccan Jeweled Cake Stand Set, and VA 2-315-469 for its Blossom Display Arrangement (collectively, the "Opulent Copyrights"). (Separate Statement of Uncontroverted Facts ("SSUF") 1–8.) The Opulent Copyrights, depicted below, are original artistic works and entitled to copyright protection. SSUF 9, 10.



Ya Ya Creations is a competing home décor company; its products are available exclusively online. (Wilson Decl., ¶ 10.) Ya Ya Logistics serves as Ya Ya Creations' East Coast shipping company and is an integral part of Ya Ya's

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

counterfeiting operation. SSUF 16, 17. The instant action arises from the Ya Ya entities' unlawful design, distribution, and sale of eight dessert stands (the "Accused Products"), each of which are substantially similar to a corresponding Opulent Design and infringe on Opulent's intellectual property rights. [04292-Dkt. 14.]

## IV.    LEGAL STANDARD.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). As such, the court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to its case when that party will ultimately bear the burden of proof at trial. *See id*. at 322.

## V.    ARGUMENT

### A. YA YA CREATIONS CANNOT PROVE ITS CLAIM FOR DECLARATORY JUDGMENT

Ya Ya Creations seeks a declaration that the Opulent Copyrights are invalid. [Dkt. 1, ¶¶29-30.] "[C]opyright ownership vests initially in the author or authors of the work, which is generally the creator of the copyrighted work." *U.S. Auto Parts Network, Inc. v. Parts Geek, LLC,* 692 F.3d 1009, 1015 (9th Cir. 2012). Opulent

holds valid copyright registration certificates covering the Opulent Copyrights.
SSUF 1–8. These copyright registration certificates constitute *prima facie* evidence
of the validity of Opulent's copyrights and of all facts stated on the certificates. 17
U.S.C. § 410(c); *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257
(9th Cir. 2011). Having established a *prima facie* case for validity, the burden then
shifts to Ya Ya to offer evidence to dispute the validity of the copyrights. *See id.*
The presumption may be rebutted by a showing on the part of the defendant that the
plaintiff's work is not original. *Kamar Intern., Inc. v. Russ Berrie and Co.*, 657 F.2d
1059, 1061 (9th Cir. 1981).

The Opulent Copyrights are original artistic works. SSUF 10. Ya Ya cannot
offer any evidence to refute the presumption of validity; thus, summary judgment on
this issue is appropriate.

## B. YA YA CREATIONS CANNOT PROVE ITS CLAIM UNDER 17 U.S.C. SECTION 512(f)

Congress enacted 17 U.S.C. section 512 as part of the Digital Millennium
Copyright Act ("DMCA") to establish a system for copyright owners and online
entities to address online infringement. *See* S. Rep. No. 105-190, at 21 (May 11,
1998) (Congress intended to "balance the need for rapid response to potential
infringement with the end users [sic] legitimate interests in not having material
removed without recourse"); *Batzel v. Smith*, 333 F.3d 1018, 1031, n.19 (9th Cir.
2003) (DMCA "provides specific notice, take-down, and put-back procedures that
carefully balance First Amendment right of users with the rights of a potentially
injured copyright holder"). Section 512(f) establishes a right of action against a
person who knowingly misrepresents that material or activity online is infringing. 17
U.S.C. § 512(f); *see also* S. Rep. No. 105-190, at 49 (Section 512(f) "is intended to
deter knowingly false allegations to service providers.").

1    Thus, to maintain an action under Section 512(f), Ya Ya Creations must

2 demonstrate that Opulent (1) "knowingly and materially misrepresent[ed]" that

3 copyright infringement occurred, (2) that the service provider relied on such

4 misrepresentations in removing or disabling access to the material claimed to be

5 infringing, and (3) that Ya Ya Creations has been "injured" as a result. *See Online*

6 *Policy Grp. v. Diebold, Inc*., 337 F. Supp. 2d 1195, 1204 (N.D. Cal. 2004) (noting

7 that "the statutory language [of § 512(f)] is sufficiently clear on its face and does not

8 require importation of standards from other legal contexts.").

9    Ya Ya cannot meet its burden because the record shows that Opulent had a

10 good-faith belief in the validity of its copyrights in the Opulent Designs and a good-

11 faith belief that Ya Ya was infringing on the Opulent Designs, and that Opulent

12 therefore did not "knowingly and materially misrepresent" that Ya Ya was

13 infringing on the Opulent Designs.

14    "Under § 512(f) of the DMCA, a copyright owner may be held liable for

15 damages caused by an erroneous invocation of the notice and takedown provision

16 ***only if the owner did not possess a subjective good faith belief*** that its copyright

17 was being infringed." *UMG Recordings, Inc. v. Augusto*, 558 F. Supp. 2d 1055,

18 1065 (C.D. Cal. 2008), *aff'd*, 628 F.3d 1175 (9th Cir. 2011) (emphasis added); *see*

19 *also Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004)

20 ("The overall structure of § 512 . . . supports the conclusion that § 512(c)(3)(A)(v)

21 imposes a subjective good faith requirement upon copyright owners."). Absent

22 demonstration of "some actual knowledge of misrepresentation," a copyright

23 owner's subjective "good faith belief" in the validity of its copyrights precludes

24 liability under Section 512(f). *See id.*

25    The Ninth Circuit articulated the proper standard for evaluating purported

26 misrepresentations under Section 512(f) in *Rossi v. Motion Picture Association of*

27 *America Inc.* In *Rossi*, the defendant Motion Picture Association of America

28

7

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT

("MPAA") sent DMCA takedown notices claiming that Rossi's website was infringing its members' copyrights because Rossi's website linked to copyrighted motion pictures available for downloading. *Rossi*, 391 F.3d at 1002. In response, Rossi's service provider disabled access to the website. *Id*. Rossi sued MPAA for tortious interference with contractual relations, tortious interference with prospective economic advantage, defamation, and intentional infliction of emotional distress, all premised on MPAA's purported misrepresentations under Section 512(f). *Id*. at 1004–06. Rossi claimed that "if MPAA had reasonably investigated the site by attempting to download movies, it would have been apparent that no movies could actually be downloaded from his website or related links" and that MPAA had therefore make a material misrepresentation and was liable under Section 512(f).

The Ninth Circuit rejected Rossi's proposed objective standard and affirmed summary judgment:

> In § 512(f), Congress included an expressly limited cause of action for improper infringement notifications, imposing liability only if the copyright owner's notification is a knowing misrepresentation. ***A copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake***. Rather, there must be a demonstration of some ***actual knowledge of misrepresentation*** on the part of the copyright owner.

*Id.* (emphasis added) (internal citation omitted). Applying the "actual knowledge" standard, the Ninth Circuit held that the MPAA could not be liable as a matter of law, ***even if it was wrong*** in notifying Rossi's service provider that Rossi was infringing copyrights, and even assuming that the MPAA could have determined that fact by conducting a basic search of Rossi's website. *Id.* at 1005–06.

The DMCA sets the threshold standard for liability under Section 512(f) intentionally high. *See Rossi*, 391 F.3d at 1005 (rejecting the "lesser 'objective

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

reasonableness' standard" as inconsistent with Congress' apparent intent); *see also Dudnikov v. MGA Entm't*, 410 F. Supp. 2d 1010, 1018–20 (D. Colo. 2005) (granting summary judgment in favor of defendant and noting that claims based on section 512(f) "must be supported by substantial evidence that [defendant] knowingly and materially misrepresented [plaintiff's] infringement").

Like the plaintiffs in *Rossi* and *Dudnikov*, Ya Ya Creations cannot establish that Opulent had "actual knowledge" of any misrepresentations.

Opulent, via the declaration of Carol Wilson, has introduced evidence that Opulent held a subjective good-faith belief in the validity of its copyrights when it issued the DMCA takedown notices. ("Opulent believes, and at all relevant times has believed, that these copyright registrations are valid, subsisting, and in full force and effect.") SSUF 11. Opulent also held a subjective good-faith belief that Ya Ya Creations was infringing Opulent's copyrights, which was the result of an anti-counterfeiting investigation and which led to a good-faith effort to protect those copyrights by issuing takedown notices. SSUF 12.

Absent contrary evidence, Ms. Wilson's sworn statement is sufficient to justify summary judgment. *See Dudnikov*, 410 F. Supp. 2d at 1018 (granting summary judgment in favor of defendant based on a single declaration that the notice of infringement was based on "a good faith belief" that its rights were being violated). There is no such contrary evidence in the record; Ya Ya has neither produced nor identified any document suggesting that Opulent did not have a good-faith belief in the veracity of its DMCA notices and did not engage in any discovery on this issue in any of the related cases.

Because Ya Ya Creations cannot prove that Opulent had "actual knowledge" of any misrepresentations, it cannot prove liability under Section 512(f) and the grant of summary judgment in Opulent's favor is appropriate.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT

## C. OPULENT IS ENTITLED TO SUMMARY JUDGMENT ON
## YA YA CREATIONS' STATE LAW CAUSES OF ACTION

### i.    Ya Ya's State Law Causes of Action are Premised on DMCA Takedown Notices and are Preempted by Federal Law

Opulent is entitled to summary judgment on Ya Ya Creations' state law causes action for intentional interference with prospective economic advantage and violation of California's Unfair Competition Law ("UCL") because those causes of action are based on DMCA take-down notices and are therefore preempted by federal law. *See Complex Media, Inc. v. X17, Inc*., No. CV1807588SJOAGRX, 2019 WL 2896117, at *6 (C.D. Cal. Mar. 4, 2019) (Section 512(f) of the DMCA preempts state law claims based on DMCA takedown notifications); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc*., No. C 10-05696, 2011 WL 2690437, at *4 (N.D. Cal. 2011) (same); *Lenz v. Universal Music Corp*., No. C 07-03783 JF, 2008 WL 962102, at *4 (N.D. Cal. Apr. 8, 2008) (same); *Online Policy Group v. Diebold*, 337 F. Supp. 2d 1195 (N.D. Cal. 2004) (same).

Applying the preemption doctrine, the court in *Online Policy Group v. Diebold* stated:

> Even if a copyright holder does not intend to cause anything other than the removal of allegedly infringing material, compliance with the DMCA's procedures nonetheless may result in disruption of a contractual relationship: by sending a letter, the copyright holder can effectuate the disruption of ISP service to clients. If adherence to the DMCA's provisions simultaneously subjects the copyright holder to state tort law liability, there is an irreconcilable conflict between state and federal law. To the extent that Plaintiffs argue that there is no conflict because [Defendant's] use of the DMCA in this case was based on misrepresentation of [Defendant's] rights, their argument is undercut by the provisions of the statute itself.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT

*Online Policy Group*, 337 F. Supp. 2d at 1205–06. Because Section 512(f) specifically regulates misrepresentations in the context of DMCA takedown notices, Section 512(f) "constitutes the sole remedy for a customer who objects to its contents and their effects." *Lenz*, 2008 WL 962102 at *4.

In its complaint, Ya Ya Creations based both its interference claim and UCL claim entirely on Opulent's sending of DMCA takedown notices. [*See* Dkt. 1 at ¶ 41 ("***Defendants engaged in false, misleading, or deceptive acts by: sending out takedown notices under the DMCA*** that assert copyright protection for Plaintiff's products, when in fact no such copyright protection exists.") (emphasis added); *see id.* at ¶ 50 ("Defendants committed intentional acts that were designed, and which Defendants knew were substantially likely, to result in a disruption of Plaintiff's economic relationships with its online vendors, distributors, retailers, and resellers. ***Those acts were wrongful, and included, without limitation, the sending of the Notices and representation of Plaintiff's products as infringing on Defendants' purported intellectual property***.") (emphasis added.).]

At no point in this litigation has Ya Ya Creations made known any theory supporting its state law claims other than Opulent's sending of DMCA takedown notices, and Ya Ya Creations has therefore forfeited any such theory. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (finding argument based on new factual bases, akin to one based on new legal theories, to be improperly raised on summary judgment). Regardless, the record contains no evidence in support of any other theory and summary judgment would therefore be appropriate for any such theory.

Because Ya Ya Creations' state-law claims are premised entirely on Opulent's sending of DMCA takedown notices, and because such claims are preempted by federal law, Opulent is entitled to summary judgment on those claims. *See Stardock Sys., Inc. v. Reiche*, No. C 17-07025 SBA, 2019 WL 8333514,

at *4 (N.D. Cal. May 14, 2019) (dismissing plaintiff's interference claims on preemption grounds and rejecting plaintiff's argument that "the DMCA notices were intended to show but one example of a continuing pattern of improper conduct by Defendants" that interfered with its business relations).

### ii. Ya Ya Creations Cannot Establish Opulent Interfered with its Prospective Economic Advantage.

Even were Ya Ya Creation's Count 4 not preempted by federal law, Opulent would nonetheless be entitled to summary judgment on that count because there is no evidence in record supporting any element of that claim.

The tort of intentional interference with prospective economic advantage requires (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional wrongful acts on the part of defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Sky Billiards, Inc. v. WolVol, Inc.,* No. 515CV02182RGKKKX, 2016 WL 7479428, at *2–3 (C.D. Cal. July 11, 2016) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003)).

For the first element, there is no evidence that Ya Ya Creations had an existing or prospective economic relationship with any third-party. For the second element, there is no evidence that Opulent had knowledge of the economic relationship. Courts have held that a tortious interference claim that rests on "a hope of future transactions" is insufficient to support a claim of tortious interference. *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998) (Brewster, J.) (holding that the "[p]laintiff must establish an ***actual*** economic relationship or a protected expectancy with a third person, not merely a hope of future transactions") (citing *Blank v. Kirwan*, 39 Cal. 3d 311, 330 (1985)) (emphasis added). Without

12

evidence of an economic relationship, or Opulent's knowledge thereof, Ya Ya Creation's interference claim is missing essential elements and must be dismissed.

Assuming, *arguendo*, an economic relationship existed between Ya Ya Creation and a third-party, there is no evidence that Opulent's DMCA takedown notices disrupted that relationship or caused Ya Ya economic harm. Ya Ya Creations' inability to demonstrate actual disruption of a purported economic relationship is fatal to its claim. *Korea Supply Co.*, 29 Cal. 4th 1134 at 1165.

Most notably, Ya Ya cannot satisfy the third element of its interference claim because there is no evidence that Opulent violated the DMCA or any other statute, regulation, or law. For purposes of satisfying the third element, the plaintiff must show that the defendant's act was "wrongful by some legal measure other than the fact of the interference itself." *Korea Supply Co.*, 29 Cal. 4th 1134 at 1153. An act is independently wrongful only if it is unlawful by some "constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 1159. Without evidence of an independently wrongful act—and there is no such evidence—Ya Ya's interference claim fails as a matter of law. *See Korea Supply Co.*, 29 Cal. 4th 1134 at 1153.

Ya Ya Creations' interference claim must be dismissed because there is no evidence to allow a reasonable fact finder to find any of the elements satisfied. *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (summary judgment appropriate when "nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.").

### iii.    Ya Ya Creations Cannot Establish a Violation of California's Unfair Competition Law

The UCL does not prohibit specific activities but instead broadly proscribes "any unfair competition, which means 'any unlawful, unfair or fraudulent business

act or practice.'" *Boschma v. Home Loan Ctr., Inc*., 198 Cal. App. 4th 230, 251–52 (2011) (quoting Cal. Bus. & Prof. Code § 17200, *et seq.*); *see also In re Pomona Valley Med. Grp., Inc.*, 476 F.3d 665, 674 (9th Cir. 2007). Because section 17200 is written in the disjunctive, "a business act or practice need only meet one of the three criteria—unlawful, unfair, or fraudulent—to be considered unfair competition under the UCL." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1093 (2007).

Under the "unlawful" prong, the UCL borrows violations from other laws to determine if a business practice constitutes a violation. *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016). As set forth above, Ya Ya Creations cannot establish that Opulent violated Section 512(f) or any other law.

Nor can Ya Ya Creations satisfy the "unfair" prong. In the context of UCL claims between competitors (as opposed to consumers), "any finding of unfairness" must be "tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 186–87 (1999). In other words, to survive summary judgment, Ya Ya Creations would need to provide evidence that Opulent's conduct was motivated by an anti-competitive purpose. It cannot do so. Instead, there is no evidence to support anything other than that Opulent lawfully issued DMCA takedown notices in a good-faith effort to protect its intellectual property. Moreover, the legislative policy of the DMCA supports and encourages the challenged conduct—i.e., issuing takedown notices to enforce copyright rights.

Under the "fraudulent" prong for competitor claims, it is "necessary . . . to show deception to some members of the public, or harm to the public interest, and not merely the direct competitor or other non-consumer party to a contract." *Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1121 (C.D. Cal. 2001). The record contains no evidence that any members of the public were

14

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

deceived. Indeed, Opulent's takedown notices contained only its good-faith assertions regarding its valid copyrights.

Accordingly, Ya Ya Creation's UCL claim fails under all three prongs and Opulent is entitled to summary judgment.

## D. OPULENT IS ENTITLED TO SUMMARY JUDGMENT ON ISSUES RELEVANT TO ITS COPYRIGHT INFRINGEMENT CLAIM.

The Copyright Act protects a copyright owner by granting the exclusive right to "reproduce, distribute, and publicly display copies of the work." 17 U.S.C. § 106. To prevail on its claim of copyright infringement, Opulent must prove "(1) ownership of a valid copyright, and (2) copying constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

Discovery has concluded and there remains no genuine dispute of fact as to the following issues that Opulent would otherwise need to prove at trial: (1) Opulent owns valid copyrights over the Opulent Copyrights; and (2) Ya Ya Logistics is contributorily and/or vicariously liable for any infringement committed by Ya Ya Creations. Opulent is entitled to summary judgment on these issues.

### i. Opulent Owns the Opulent Copyrights

Opulent holds valid copyright registration certificates covering the Opulent Copyrights. SSUF 1–8. These copyright registration certificates constitute *prima facie* evidence of the validity of Opulent's copyrights and of all facts stated on the certificates. 17 U.S.C. § 410(c); *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011). Having established a *prima facie* case for validity, the burden then shifts to Ya Ya to offer evidence to dispute the validity of the copyrights. *See id.* Ya Ya cannot offer any evidence to refute the presumption of validity; thus, summary judgment on this issue is appropriate.

### ii.    Ya Ya Logistics is Contributorily Liable for Any and All Infringement by Ya Ya Creations.

To impose contributory liability, a plaintiff must show that defendant "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007). "Material contribution turns on whether the activity in question substantially assists direct infringement," *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 943 (9th Cir. 2011) (citation and internal quotation marks omitted), and occurs only when there is a "direct connection" between the defendant and the direct infringer, *Perfect 10*, 494 F.3d at 796.

With respect to the first element, there is no genuine dispute that the Ya Ya entities conduct their business with full knowledge of each other's activities and in support of each other. SSUF 26. Ya Ya Creations is a California-based entity that owns a warehouse in City of Industry, California. SSUF 13. Ya Ya Logistics owns, manages, and maintains a warehouse in Florida. SSUF 14. Ya Ya Creations uses its own websites, as well as third-party platforms, to advertise, promote, and sell the Accused Products, (SSUF 15), while Ya Ya Logistics serves as Ya Ya Creations' East Coast warehousing and shipping company. SSUF 16. Ya Ya imports Accused Products from its China and Asia trading partners and inventories the Accused Products at both of Ya Ya's warehouses. SSUF 17. Further evidencing their "direct connection," Ya Ya Creations and Ya Logistics share the same CEO and owner, Mitchell Su. SSUF 18, 19. In addition to his duties as CEO and Human Resources, Mr. Su oversees operations at both warehouses. SSUF 20. According to Mr. Su, the Ya Ya entities were established on both coasts for the purpose of expediting shipping to customers across the country. SSUF 21.

Similarly, there is undisputed evidence that Ya Ya Logistics provides a "material contribution" to Ya Ya Creations' infringement. *Louis Vuitton Malletier,*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

*S.A.*, 658 F.3d at 943. Ya Ya Logistics and Ya Ya Creations provide substantial assistance to each other in the form of physical warehousing space and website presence to promote, sell, store and distribute infringing products. SSUF 22, 26. The Ninth Circuit recognizes contributory infringement where an indirect infringer provides physical space to known infringers, or, in the online context, by providing server space to known infringers. *See Fonovisa v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) ("*Fonovisa*") ("[W]e agree with the Third Circuit's analysis . . . that providing the site and facilities for known infringing activity is sufficient to establish contributory liability."); *see also Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 943 (9th Cir. 2011) ("*Louis Vuitton*") ("Material contribution turns on whether the activity in question 'substantially assists' direct infringement . . . There is no question that providing direct infringers with server space satisfies that standard."). The undisputed interconnectedness between the Ya Ya entities, including the overlap between ownership and operations, establishes the requirement for contributory liability.

Opulent is therefore entitled to summary judgment on Ya Ya Logistic's contributory liability in the event that Ya Ya Creations is found at trial to be liable for infringement.

### iii.    Ya Ya Logistics is Vicariously Liable for Ya Ya Creations' Infringement.

Vicarious liability for infringement requires "a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Perfect 10, Inc.*, 494 F.3d 788 at 807. A defendant "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

There is no genuine dispute that the Ya Ya entities "exercise joint ownership or control" over the Accused Products. Mitchell Su is the CEO and 100% sole owner of both Ya Ya Creations and Ya Logistics. SSUF 18, 19. ███████████

After 2015, Mr. Su's wife, Annie Suo, took over the company's role as Product Buyer with general oversight provided by Mr. Su. SSUF 24. ███████████

As the owner and operator of both Ya Ya entities, Mr. Su's knowledge is imputed to the Ya Ya entities. *See Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 679 (2005) ("It is settled California law that knowledge of an officer of a corporation within the scope of his duties is imputed to the corporation . . . [and when] one of the primary architects of the [fraud] was also the owner and sole person in control of [the corporation], his fraud is properly imputed to the [corporation].").

The "direct financial benefit" requirement need not be substantial; the inquiry is primarily concerned with whether there is "a causal relationship between the infringing activity and any financial benefit a defendant reaps." *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004). Here, the causal relationship between the Ya Ya entities is undisputable. Ya Ya Creations uses its own websites, as well as third-party platforms, to advertise, promote, and sell Accused Products. SSUF 15, while Ya Ya Logistics serves as Ya Ya Creations' East Coast distribution center for the Accused Products. SSUF 16. As the Florida-based warehouse and shipping company for Ya Ya Creations, it logically follows that Ya Ya Logistics enjoys a direct financial benefit from Ya Ya Creation's infringing conduct, i.e., the

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL
SUMMARY JUDGMENT

more infringing products imported and sold by Ya Ya Creations, the more warehousing and shipping handled by Ya Ya Logistics.

Opulent is therefore entitled to summary judgment on Ya Ya Logistic's vicarious liability in the event that Ya Ya Creations is found at trial to be liable for infringement.

## VI.    CONCLUSION

Opulent respectfully requests that the Motion be granted in its entirety.

**DATED:** July 10, 2025          **FISH IP LAW, LLP**

By:    */s/Robert D. Fish*
Robert D. Fish, Esq. (SBN 149711)
Attorneys for Plaintiff and Defendant
OPULENT TREASURES, INC.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

# CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing *Notice of Motion and Motion for Partial Summary Judgment* was served on all counsel of record via the Court's CM/ECF system and via email on July 10, 2025.

**DATED:** July 10, 2025       **FISH IP LAW, LLP**

                       By:   */s/Robert D. Fish*
                            Robert D. Fish, Esq. (SBN 149711)
                            Attorneys for Plaintiff and Defendant
                            OPULENT TREASURES, INC.