Marc A. Karish (State Bar No. 205440)
marc.karish@kb-ip.com
Bruce G. Chapman (SBN 164258)
bruce.g.chapman@kb-ip.com
ORBIT IP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Telephone: (310) 887-1333
Facsimile: (310) 887-1334

Attorneys for Defendant
and Counterclaim Plaintiff
YA YA LOGISTICS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPULENT TREASURES, INC.<br><br>Plaintiff,<br><br>v.<br><br>YA YA LOGISTICS, INC., HK JAYDEN TRADING, LTD., SUO VIVI also known as SUI HUI, an individual, and WIN BEST IMPORT AND EXPORT CO., LTD.,<br><br>Defendants. | **Case No. 2:22-cv-6137-SSS-JC**<br><br>*Consolidated with Case No. 2:22-cv-02616 and Case No. 2:23-cv-04292*<br><br>**DEFENDANT YA YA LOGISTICS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Sunshine S. Sykes<br>Hearing Date: August 1, 2025<br>Time: 2:00 pm<br>Courtroom: 2 (Zoom videoconference) |

**TO THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 1, 2025, at 2:00 p.m., in Courtroom 2 of the United States District Court for the Central District of California, located at the George E. Brown, Jr. Federal Building and U.S. Courthouse, at 3470 Twelfth Street, Riverside, California 92501-3801, Defendant Ya Ya Logistics, Inc. ("Ya Ya Logistics") will, and hereby does, move for summary judgment, pursuant to Fed. R. Civ. P. 56, against Plaintiff Opulent Treasures, Inc. ("Opulent"). The Parties are instructed to attend the hearing via Zoom videoconference pursuant to the Court's Order on June 27, 2025 (Dkt. 165).

This motion is made following the conference of counsel that took place on June 2, 2025. (Marc Karish Decl. ¶ 15). This motion is based on this Notice of Motion and supporting Memorandum of Points and Authorities, the Declaration of Marc Karish and exhibits thereto, Defendant Ya Ya Logistics, Inc.'s Separate Statement of Uncontroverted Facts and Conclusion of Law in Support of Its Motion for Summary Judgment, any reply briefing in further support of this motion, any matters of which this Court may take judicial notice, all papers and exhibits previously filed with the Court in this action, and on such other written and oral argument as may be presented to the Court.

Dated: July 10, 2025                    Respectfully submitted,

 

                                         **ORBIT IP, LLP**

                                         By:   */s/Marc Karish*
                                                  Marc A. Karish

**TABLE OF CONTENTS**

I. INTRODUCTION ...............................................................................................1

II. FACTUAL BACKGROUND..............................................................................1

III. LEGAL STANDARD ........................................................................................3

    A. SUMMARY JUDGMENT ........................................................................3

IV. ARGUMENT......................................................................................................3

    A. PLAINTIFF CANNOT PROVE ITS CLAIM FOR FEDERAL COPYRIGHT INFRINGEMENT ................................................................3

    B. PLAINTIFF CANNOT PROVE ITS CLAIMS FOR TRADEMARK INFRINGEMENT ......................................................................................4

    C. PLAINTIFF'S ANCILLARY COMMON LAW CLAIMS ALSO FAIL ..........................................................................................................6

    D. PLAINTIFF'S CANNOT SHOW ANY DAMAGE AS A RESULT OF YA YA LOGISTICS ...................................................................................7

V. CONCLUSION...................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ................................................................................. 3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ............................................................................................. 3

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) ....................... 3

*Fonovisa, Inc. v. Cherry Auction, Inc.* (9th Cir. 1996) 76 F.3d 259, 264 ............................................................................................................... 4

*Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 621 (9th Cir. 1993) .......................... 7

*Inwood Lab., Inc. v. Ives Lab., Inc.*, 456 U.S. 844, 853-54, 72 L. Ed. 2d 606, 102 S. Ct. 2182 (1982) ............................................................................. 5

*L.A. PrintexIndus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) ............................................................................................................ 3

*Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993) ..................... 7

*Lockheed Martin Corp. v. Network Solutions, Inc.* (9th Cir. 1999) 194 F.3d 980, 983 .............................................................................................. 5

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) ................................................................................. 5

*Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) ............................................................................................................ 5

*Spin Master, LTD. v. Zobmondo Entm't, LLC*, 778 F. Supp. 2d 1052, 1059-60 (C.D. Cal. 2011) ................................................................................. 3

*Unicolors, Inc. v. Wet Seal, Inc.*, Case No.: SACV 12-1065-DOC(JCx), 6 (C.D. Cal. May. 9, 2013) ............................................................... 3

**Other Authorities**

15 U.S.C. § 1114(1) .................................................................................... 1, 4, 6

15 U.S.C. § 1114(1)(b)................................................................................. 1, 4, 6

15 U.S.C. § 1116(d) ..................................................................................... 1, 4, 6

15 U.S.C. § 1117(b)-(c) ............................................................................... 1, 4, 6

15 U.S.C. § 1125(a) ................................................................................. 1, 4, 6, 7

17 U.S.C. § 501(a) ...............................................................................................1

Fed. R. Civ. P. 56(c).............................................................................................3

Lanham Act § 32......................................................................................... 1, 4, 6

Lanham Act § 32(1) ..................................................................................... 1, 4, 6

Lanham Act § 34.......................................................................................... 1, 4, 6

Lanham Act § 35.......................................................................................... 1, 4, 6

Lanham Act § 43(a) ................................................................................. 1, 4, 6, 7

## I. INTRODUCTION

Plaintiff's first amended complaint has claims for 1) Direct and Contribuory Federal Copyright Infringement under 17 U.S.C. § 501(a); 2) Direct and Contributory Federal Trademark Infringement Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); 3) Direct and Contributory Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(b)/Lanham Act § 32; 15 U.S.C. § 1116(d)/Lanham Act § 34; 15 U.S.C. § 1117(b)-(c)/Lanham Act § 35]; 4) Direct and Contributory Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); 5) Direct and Contributory Common Law Trade Dress Infringement; 6) Unfair Competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and 7) Common Law Unfair Competition.

Opulent Treasures failed to serve any discovery or take any depositions regarding these claims. It further failed to disclose any evidence in its possession regarding these claims. As a result, Opulent Treasures lacks any admissible evidence to support its claims.

Accordingly, Summary Judgment is appropriate as to all of Opulent Treasures' claims against Ya Ya Logistics.

## II. FACTUAL BACKGROUND

Plaintiff alleges infringement of a single trademark on the Principal Register, U.S. Trademark Reg. No. 5,912,235, by sales of CHDLR_045 products of third-party Ya Ya Creations, Inc. (SUF, ¶ 1.) Plaintiff further alleges infringement of multiple common law trademarks by sales of certain products by third-party Ya Ya Creations, Inc. (SUF, ¶ 2.) Plaintiff further alleges infringement of several copyrights for which it first obtained registrations in 2022 by sales of certain products by third-party Ya Ya Creations, Inc. (SUF, ¶ 3.)

However, Plaintiff has wholly failed to develop this case against Defendant Ya Ya Logistics Inc. Plaintiff failed to serve any written discovery or take any

depositions. (SUF, ¶ 4.) Plaintiff failed to provide any substantive response to Defendant's Interrogatory No. 10 asking Plaintiff to "describe in detail the complete factual and legal bases for YOUR contention that DEFENDANT has infringed any applicable copyrights." (SUF, ¶¶ 5, 6.)

Plaintiff failed to provide any substantive response to Defendant's Interrogatory No.1 asking Plaintiff to "describe in detail the complete factual and legal bases for YOUR contention that DEFENDANT has infringed any applicable trademarks or trade dress under federal and state law." (SUF, ¶¶ 7, 8.) Plaintiff failed to provide any substantive response to Defendant's Interrogatory No. 11 asking Plaintiff to "describe in detail the complete factual and legal bases for YOUR contention that DEFENDANT committed counterfeiting." (SUF, ¶¶ 9, 10.)

Plaintiff refused to produce a single document in response to Defendant's requests for production. (SUF, ¶ 11.) Plaintiff has produced no evidence that Ya Ya Logistics has stored, distributed, offered for sale, or advertised any of the products accused of infringing Opulent Treasures' alleged copyrights. (SUF, ¶ 12.) Plaintiff has produced no evidence that Ya Ya Logistics has stored, distributed, offered for sale or advertised any of the products accused of infringing Opulent Treasures' alleged trademarks. (SUF, ¶ 13.) Plaintiff has produced no evidence that Ya Ya Logistics has stored, distributed, offered for sale or advertised the products accused of being counterfeits of Opulent Treasures' U.S. Trademark Registration No. 5,912,235. (SUF, ¶ 14.) Plaintiff has produced no evidence that Ya Ya Logistics was aware of any of Plaintiff's alleged trademarks or copyrights. (SUF, ¶ 15.) Finally, Plaintiff has produced no evidence showing any damage as a result of Ya Ya Logistics, let any quantification of what those damages would be. (SUF, ¶ 16.)

## III. LEGAL STANDARD
### A. SUMMARY JUDGMENT

Summary judgment shall be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

A "genuine issue" of material fact exists only when the nonmoving party makes a sufficient showing on the essential elements of its claims on which it bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). An issue of fact is genuine if it reasonably can be resolved in favor of either party. *Anderson*, 477 U.S. at 250-51. The nonmovant's evidence is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.* at 255; *Spin Master, LTD. v. Zobmondo Entm't, LLC*, 778 F. Supp. 2d 1052, 1059-60 (C.D. Cal. 2011).

## IV. ARGUMENT
### A. PLAINTIFF CANNOT PROVE ITS CLAIM FOR FEDERAL COPYRIGHT INFRINGEMENT

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *L.A. PrintexIndus., Inc. v. Aeropostale, Inc.,* <u>676 F.3d 841, 846</u> (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (June 13, 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* <u>499 U.S. 340, 361</u> (1991)). *Unicolors, Inc. v. Wet Seal, Inc.*, Case No.: SACV 12-1065-DOC(JCx), 6 (C.D. Cal. May. 9, 2013). Contributory copyright infringement is

1  found "where one person knowingly contributes to the infringing conduct of
2  another." *Fonovisa, Inc. v. Cherry Auction, Inc.* (9th Cir. 1996) 76 F.3d 259, 264.
3        When asked to "[d]escribe in detail the complete factual and legal bases for
4  YOUR contention that DEFENDANT has infringed any applicable copyrights,"
5  Opulent Treasures, responded only that "Opulent states that discovery is ongoing,
6  and it will supplement its response to this Interrogatory at a later date." (SUF, ¶ 5,
7  Declaration of Marc Karish ("Karish Dec."), Exh. A (Opulent Treasures Inc.'s
8  Responses to Ya Ya Logistics First Set of Interrogatories.), p. 8, line 27 – p. 9,
9  line 6.) No further response was ever provided, and no evidence supporting
10 Opulent Treasures copyright claim against Ya Ya Logistics was ever disclosed.
11 (SUF, ¶ 6.)
12       Opulent Treasures lacks any admissible evidence that Ya Ya Logistics sold
13 or distributed any of the products accused of infringing, let alone admissible
14 evidence that Ya Ya Logistics copied any constituent elements of any of Opulent
15 Treasures' alleged copyright. Likewise, Opulent Treasures has no admissible
16 evidence that Ya Ya Logistics knowingly contributed to any third party's
17 copyright infringement.
18       Accordingly, summary judgment should be granted as to Opulent
19 Treasures' claim for copyright infringement against Ya Ya Logistics.

### B. PLAINTIFF CANNOT PROVE ITS CLAIMS FOR TRADEMARK INFRINGEMENT

Plaintiff cannot prove its claims for "Direct and Contributory Federal Trademark Infringement Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)"; "Direct and Contributory Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(b)/Lanham Act § 32; 15 U.S.C. § 1116(d)/Lanham Act § 34; 15 U.S.C. § 1117(b)-(c)/Lanham Act § 35]"; and "Direct and Contributory Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)."

To state a valid cause of action for trademark infringement under the Lanham Act, a plaintiff "must prove: (1) that it has a protectable ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012) (quoting *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011)). "Contributory infringement occurs when the defendant either intentionally induces a third party to infringe the plaintiff's mark or supplies a product to a third party with actual or constructive knowledge that the product is being used to infringe the service mark." (*Lockheed Martin Corp. v. Network Solutions, Inc.* (9th Cir. 1999) 194 F.3d 980, 983(citing *Inwood Lab., Inc. v. Ives Lab., Inc.*, 456 U.S. 844, 853-54, 72 L. Ed. 2d 606, 102 S. Ct. 2182 (1982)).

When asked to "[d]escribe in detail the complete factual and legal bases for YOUR contention that DEFENDANT has infringed any applicable trademarks or trade dress under federal or state law," Opulent Treasures responded only that "Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date." (SUF, ¶ 7, Karish Dec. ¶ 5, Exh. A (Opulent Treasures Inc.'s Responses to Ya Ya Logistics First Set of Interrogatories.), p. 4, lines 6-14.) Likewise, when asked to "[d]escribe in detail the complete factual and legal bases for YOUR contention that DEFENDANT has committed counterfeiting," Opulent Treasures again responded only that "Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date." (SUF, ¶ 9, Karish Dec. ¶ 5, Exh. A (Opulent Treasures Inc.'s Responses to Ya Ya Logistics First Set of Interrogatories.), p. 4, lines 6-14.) No further response was ever provided, and no evidence supporting Opulent Treasures trademark or counterfeiting claims against Ya Ya Logistics was ever disclosed. (SUF, ¶¶ 8, 10.)

Opulent Treasures has no admissible evidence that Ya Ya Logistics used any of Plaintiff's alleged trade dress, whether registered or unregistered. Likewise, Plaintiff has no admissible evidence that Ya Ya Logistics intentionally induced any third party to infringe any of Plaintiff's alleged trade dress, whether registered or unregistered. Finally, Plaintiff has no admissible evidence that Ya Ya Logistics supplied a product to a third party with knowledge that the product is being used to infringe any of Plaintiff's alleged trade dress, whether registered or unregistered.

Accordingly, summary judgment should be granted as to Plaintiff's claims for "Direct and Contributory Federal Trademark Infringement Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)"; "Direct and Contributory Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(b)/Lanham Act § 32; 15 U.S.C. § 1116(d)/Lanham Act § 34; 15 U.S.C. § 1117(b)-(c)/Lanham Act § 35]"; and "Direct and Contributory Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)."

### C. PLAINTIFF'S ANCILLARY COMMON LAW CLAIMS ALSO FAIL

Plaintiff's common law trade dress infringement claim is analogous to the previously discussed trade dress infringement claims. Paragraph 112 of Plaintiff's first amended complaint states that "Ya Ya Creations and Defendants' respective use or facilitation and encouragement of the use by Ya Ya Creations of Opulent's Designs is likely to cause consumer confusion as to the origin or sponsorship or affiliation of the Accused Products by creating the false and misleading impression that the Accused Products are manufactured by, authorized by, or otherwise associated with Opulent." (D.N. 14, ¶ 112.) This language is nearly identical to the language in paragraph 102 regarding Plaintiff's claim for "Direct and Contributory Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)."

DEFENDANT YA YA LOGISTICS, INC.'S NOTICE OF MOTION AND
MOTION FOR SUMMARY JUDGMENT
6

Likewise, Plaintiff's common law unfair competition claim is also analogous to the previously discussed trade dress infringement claims. Paragraph 130 of Plaintiff's first amended complaint states that "Defendants' respective use or facilitation and encouragement of the use by Ya Ya Creations constitute common law unfair competition by palming off and passing off of the Accused Products, by simulating Opulent's Designs in an intentional and calculated manner likely to cause consumer confusion as to origin or sponsorship or affiliation of the Accused Products, by creating the false and misleading impression that the Accused Products are manufactured by, authorized by, or otherwise associated with Opulent." (D.N. 14, ¶ 130.) This language is nearly identical to the language in paragraph 102 regarding Plaintiff's claim for "Direct and Contributory Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and paragraph 121 regarding Plaintiff's claim for Unfair Competition under Unfair Competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

As explained above, Plaintiff has no admissible evidence that Ya Ya Logistics used any of Plaintiff's alleged trade dress. Likewise, Plaintiff has no admissible evidence that Ya Ya Logistics intentionally induced any third party to infringe any of Plaintiff's alleged trade dress or that Ya Ya Logistics supplied a product to a third party with knowledge that the product is being used to infringe any of Plaintiff's alleged trade dress. Accordingly, summary judgment should be granted as to Plaintiff's claims for "Direct and Contributory Common Law Trade Dress Infringement" and "Common Law Unfair Competition."

### D. PLAINTIFF'S CANNOT SHOW ANY DAMAGE AS A RESULT OF YA YA LOGISTICS

Plaintiff must prove both the fact and the amount of damages. *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 621 (9th Cir. 1993); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993). Here, Plaintiff has no admissible

evidence of any injury as a result of Ya Ya Logistics. As explained above, Plaintiff cannot prove direct or contributory copyright infringement, or direct or contributory trademark infringement. Moreover, Plaintiff has no admissible evidence about Ya Ya Logistics' activities and so cannot prove that it has suffered any damage, let alone the amount of those damages.

For this additional reason, summary judgment should be granted as to all of Plaintiff's claims against Ya Ya Logistics.

## V.  CONCLUSION

For each and all of the reasons above, Ya Ya Logistics requests that the Court grant Ya Ya Logistics' motion for summary judgment against all of Opulent Treasures' claims in this litigation.

Respectfully submitted:

Dated:  July 10, 2025          ORBIT IP, LLP


By:  */s/  Marc A. Karish*
         Marc A. Karish

Attorneys for Defendant
and Counterclaim Plaintiff
YA YA LOGISTICS, INC.

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Ya Ya Logistics, Inc., hereby certifies that this brief contains 2769 words, which complies with the word limit of L.R. 11-6.1

Dated: July 10, 2025                    Respectfully submitted,

**ORBIT IP, LLP**

By: _/s/Marc Karish_
       Marc A. Karish

**CERTIFICATE OF SERVICE**

A copy of Defendant Ya Ya Logistics, Inc.'s Notice of Motion and Motion For Summary Judgment was served upon the parties to this matter via the Court's CM/ECF system and via email on July 10, 2025.

*/s/ Marc A. Karish*