Marc A. Karish (State Bar No. 205440)
marc.karish@kb-ip.com
Bruce G. Chapman (SBN 164258)
bruce.g.chapman@kb-ip.com
ORBIT IP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Telephone: (310) 887-1333
Facsimile: (310) 887-1334

Attorneys for Defendant
and Counterclaim Plaintiff
YA YA LOGISTICS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPULENT TREASURES, INC.<br><br>Plaintiff,<br><br>v.<br><br>YA YA LOGISTICS, INC., HK JAYDEN TRADING, LTD., SUO VIVI also known as SUI HUI, an individual, and WIN BEST IMPORT AND EXPORT CO., LTD.,<br><br>Defendants. | **Case No. 2:22-cv-6137-SSS-JC**<br><br>*Consolidated with Case No. 2:22-cv-02616 and Case No. 2:23-cv-04292*<br><br>**DECLARATION OF MARC KARISH IN SUPPORT OF DEFENDANT YA YA LOGISTICS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Sunshine S. Sykes<br>Hearing Date: August 1, 2025<br>Time: 2:00 pm<br>Courtroom: 2 (Zoom videoconference) |

I, Marc A. Karish, do hereby declare that:

1. I am admitted to practice before this Court, and I represent defendant Ya Ya Logistics, Inc. ("Ya Ya Logistics") in this matter. I make this declaration on personal knowledge.

2. Plaintiff Opulent Treasures, Inc. ("Opulent Treasures") has served no written discovery and taken no depositions with regard to this case against Ya Ya Logistics.

3. Opulent Treasures' only response to Ya Ya Logistics' Interrogatory No. 10 asking Opulent Treasures to "describe in detail the complete factual and legal bases for YOUR contention that DEFENDANT has infringed any applicable copyrights" was "Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date." Attached hereto as Exhibit A is a true and correct copy of Opulent Treasures' responses to Ya Ya Logistics, Inc.'s Interrogatories.

4. No further response to Ya Ya Logistics' Interrogatory No. 10 was ever provided, and no evidence supporting Opulent Treasures' copyright claim against Ya Ya Logistics was ever disclosed.

5. Opulent Treasures' only response to Ya Ya Logistics' Interrogatory No. 1 asking Opulent Treasures to "describe in detail the complete factual and legal bases for YOUR contention that DEFENDANT has infringed any applicable trademarks or trade dress under federal and state law" was "Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date."

6. No further response to Ya Ya Logistics' Interrogatory No. 1 was ever provided, and no evidence supporting Opulent Treasures' trademark claim against Ya Ya Logistics was ever disclosed.

7. Opulent Treasures' only response to Ya Ya Logistics' Interrogatory No. 11 asking Opulent Treasures to "describe in detail the complete factual and legal bases for YOUR contention that DEFENDANT committed counterfeiting" was "Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date."

8. No further response to Ya Ya Logistics' Interrogatory No. 11 was ever provided, and no evidence supporting Opulent Treasures' counterfeiting claim against Ya Ya Logistics was ever disclosed.

9. Opulent Treasures refused to produce a single document in response to Ya Ya Logistics' requests for production. Attached hereto as Exhibit B is a true and correct copy of Opulent Treasures' responses to Ya Ya Logistics' Requests for Production.

10. Opulent Treasures has produced no evidence that Ya Ya Logistics has stored, distributed, offered for sale, or advertised any of the products accused of infringing Opulent Treasures' alleged copyrights.

11. Opulent Treasures has produced no evidence that Ya Ya Logistics has stored, distributed, offered for sale or advertised any of the products accused of infringing Opulent Treasures' alleged trademarks.

12. Opulent Treasures has produced no evidence that Ya Ya Logistics has stored, distributed, offered for sale or advertised the products accused of being counterfeits of Opulent Treasures' U.S. Trademark Registration No. 5,912,235.

13. Opulent Treasures has produced no evidence that Ya Ya Logistics was aware of any of Plaintiff's alleged trademarks or copyrights.

14. Opulent Treasures has produced no evidence showing any damage as a result of Ya Ya Logistics, let any quantification of what those damages would be.

15. On June 2, 2025 I telephonically met and conferred with counsel for Opulent Treasures, Robert Fish, about the substance of this motion, but we were unable to reach agreement to avoid filing of the motion.

I further declare subject to the penalty of perjury that the forgoing is true and correct. Executed this 10th day of July, 2025 at Pasadena, California.

*/s/ Marc A. Karish*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Ya Ya Logistics, Inc., hereby certifies that this document contains 587 words, which complies with the word limit of L.R. 11-6.1

Dated: July 10, 2025                Respectfully submitted,

**ORBIT IP, LLP**

By: ___/s/Marc Karish___
    Marc A. Karish

**CERTIFICATE OF SERVICE**

A copy of Declaration Of Marc Karish In Support of Defendant Ya Ya Logistics, Inc.'s Motion for Summary Judgment was served upon the parties to this matter via the Court's CM/ECF system on July 10, 2025.

<u>/s/ Marc A. Karish</u>