# EXHIBIT A

1  **BOIES SCHILLER FLEXNER LLP**
2  Sean P. Rodriguez (SBN 262437)
   *srodriguez@bsfllp.com*
3  44 Montgomery Street, 41st Floor
4  San Francisco, CA 94104
   Telephone: (415) 293-6800
5  Facsimile: (415) 293-6899

6
   John J. Kucera (SBN 274184)
7  *jkucera@bsfllp.com*
   Simon P. Leen (SBN 332033)
8  *sleen@bsfllp.com*
9  Joshua Yaw Foli Quaye (SBN 325480)
   *jquaye@bsfllp.com*
10 Samantha Parrish (SBN 318681)
11 *sparrish@bsfllp.com*
   2029 Century Park East, Suite 1520N
12 Los Angeles, CA 90067
13 Telephone: (213) 629-9040
   Facsimile: (213) 629-9022
14

15 *Attorneys for*
   Opulent Treasures, Inc.
16

17              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
18

| | |
|---|---|
| OPULENT TREASURES, INC., | Case No. 2:22-cv-06137-SSS (JCx) |
| Plaintiff, | |
| v. | **OPULENT TREASURES, INC.'S RESPONSES TO YA YA LOGISTICS, INC.'S FIRST SET OF INTERROGATORIES** |
| YA YA LOGISTICS, INC., et al., | |
| Defendants. | Action Filed in EDTX: August 17, 2021<br>Action Transferred to CDCA: April 20, 2022 |
| YA YA LOGISTICS, INC., | |
| Counter-Plaintiff, | |
| v. | |

4848-3339-8456v4                                -1-                    Case No. 2:22-cv-06137-SSS (JCx)
PLAINTIFF AND COUNTER-DEFENDANT OPULENT TREASURES, INC.'S RESPONSES TO YA YA
                  LOGISTICS, INC.'S FIRST SET OF INTERROGATORIES

| | |
|---|---|
|1| OPULENT TREASURES, INC.,|
|2|         Counter-Defendant.|

PROPOUNDING PARTY:   PLAINTIFF YA YA LOGISTICS, INC.

RESPONDING PARTY:   PLAINTIFF/COUNTER-DEFENDANT OPULENT TREASURES, INC.

SET NO.:   ONE

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant OPULENT TREASURES, INC. ("Opulent") hereby submits these objections and responses to the First Set of Interrogatories propounded by Plaintiff YA YA LOGISTICS, INC. ("Ya Ya").

## GENERAL OBJECTIONS

1. Opulent's discovery, internal investigation, and preparation for the trial of this matter is not completed as of the date of these Responses and are continuing. Opulent anticipates that discovery, internal investigation, and preparation for trial will reveal additional information not presently known to it, but upon which it may rely. These Responses are based upon information currently known or believed to be true by Opulent. Opulent reserves the right to modify or supplement these Responses upon completion of its discovery, internal investigation, and preparation for the trial of this matter, and to use at trial, or in any motion or deposition, any documents, facts, or supporting evidence of any sort later developed or discovered.

2. Opulent objects generally to the Interrogatories to the extent that they seek to impose obligations in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the above-captioned court, any court governing discovery in this case, or any discovery protocol agreed upon by the parties.

3. Opulent objects generally to the Interrogatories to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, and

place a wholly unwarranted burden and expense on Opulent in locating, reviewing and producing the requested information.

4.  Opulent objects generally to the Interrogatories to the extent that they are vague, uncertain and overbroad, being without limitation as to time or specific subject matter.

5.  Opulent objects generally to the Interrogatories to the extent that they seek information protected by the attorney-client privilege or the attorney work-product doctrine, or both.  Any disclosure of privileged information would be inadvertent and should not be deemed a waiver of any privilege.

6.  Opulent objects generally to the Interrogatories to the extent that they seek to have Opulent furnish information that is a matter of the public record, and therefore, is equally available to Ya Ya as to Opulent.

Opulent expressly incorporates each of the foregoing General Objections into each specific response to the requests set forth below as if set forth in full therein. An answer to a request is not intended to be a waiver of any applicable specific or general objection to such request.

## OBJECTIONS TO DEFINITIONS

1.  Opulent objects to each "Definition" and "Instruction" to the extent that any "Definition" or "Instruction" seeks to impose obligations inconsistent with, beyond, or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the above-captioned court, any court order governing discovery in this case, or any discovery protocol agreed upon by the parties.

2.  Opulent objects to the definition of "PLAINTIFF", "YOU" and "YOUR" to the extent it purports to impose on Opulent an obligation to produce documents in the possession, custody or control or any entity or person other than Opulent, and to the extent it invades on the attorney-client privilege.  In responding to these Requests, Opulent will rely only on information that is reasonably available to it.

3. Opulent objects to the definition of "DEFENDANT" and "YA YA LOGISTICS, INC." to the extent it includes any entity other than Ya Ya Logistics, Inc., or any of its principals, directors, officers or employees.

Without waiver of the foregoing, Opulent further responds as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe in detail the complete factual and legal bases for YOUR contention that DEFENDANT has infringed any applicable trademarks or trade dress under federal and state law.

**RESPONSE TO INTERROGATORY NO. 1**

Opulent objects to this Interrogatory on the grounds that it is premature because it seeks Opulent's contentions on its claims prior to the close of discovery. Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date.

**INTERROGATORY NO. 2:**

Separately IDENTIFY and describe in detail each of PLAINTIFF'S products bearing PLAINTIFF'S ALLEGED TRADE DRESS that has been advertised, marketed, offered for sale, sold, licensed, or distributed in the United States, and for each, separately state the time period, including date of first use and when such product was first offered for sale in the United States.

**RESPONSE TO INTERROGATORY NO. 2**

Opulent objects to this Interrogatory on the grounds that it is compound and overbroad. Opulent objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "advertised", "marketed", "offered for sale", "sold", "licensed" and "distributed." Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date.

**INTERROGATORY NO. 3:**

Describe in detail the CHANNELS OF TRADE YOU used, use, or intend to use to promote, sell, license, distribute, or provide PLAINTIFF'S products bearing PLAINTIFF'S ALLEGED TRADE DRESS.

**RESPONSE TO INTERROGATORY NO. 3**

Opulent objects to this Interrogatory on the grounds that it is vague and ambiguous as to the phrase "channel of trade". Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date.

Subject to and without waiving the foregoing General and Specific Objections, Opulent responds: Opulent utilizes various e-commerce platforms and stores in connection with the sale of its products, including, but not limited to, QVC, The TodayShow, Tjx Corp. (Marshalls, Home Goods, TjMaxx, TKMaxx, Home Sense), Amazon, Wayfair, ebay and Opulent Treasures.com.

**INTERROGATORY NO. 4:**

Separately for each year and for each product, detail the revenue earned from and expenses related to the offering for sale, sale, licensing, distribution, or provision in the United States of each of PLAINTIFF'S different products bearing PLAINTIFF'S ALLEGED TRADE DRESS, including YOUR expenditures for advertising, marketing, and promotion.

**RESPONSE TO INTERROGATORY NO. 4**

Opulent objects to this Interrogatory on the grounds that it is unduly burdensome, compound and overbroad. Opulent objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "offering for sale", "sale", "licensing", "distribution" and "provision". Opulent objects to this Interrogatory on the grounds that it seeks confidential and proprietary information.

**INTERROGATORY NO. 5:**

For each of PLAINTIFF'S products bearing PLAINTIFF'S ALLEGED TRADE DRESS, set forth the following financial information on a monthly, quarterly, and annual basis (and by customer to the extent such information exists):

(1) the number of units made in the United States,

(2) the number of units used in the United States,

(3) the number of units sold, leased, licensed, or distributed in the United States,

(4) the number of units imported into the United States, and

(5) the number of units exported from the United States,

as well as pricing for each unit and all revenues, costs (including costs of goods sold and any costs allocated to the PLAINTIFF'S products bearing PLAINTIFF'S ALLEGED TRADE DRESS), profits (gross and net), margins (gross and net), and any other financial benefit you have realized associated with the categories above.

**RESPONSE TO INTERROGATORY NO. 5**

Opulent objects to this Interrogatory on the grounds that it is unduly burdensome, compound and overbroad. Opulent objects to this Interrogatory on the grounds that it is vague and ambiguous as to the phrase "financial benefit." Opulent objects to this Interrogatory on the grounds that it seeks confidential and proprietary information. Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date.

**INTERROGATORY NO. 6:**

For each of PLAINTIFF'S products bearing PLAINTIFF'S ALLEGED TRADE DRESS, describe in detail the manner in which YOU have advertised, marketed, and/or promoted that product, including identifying the specific publications, websites, social media sites, retail outlets, trade shows, events, or other

places or media outlets through which YOU have advertised, marketed, and/or promoted that product.

**RESPONSE TO INTERROGATORY NO. 6**

Opulent objects to this Interrogatory on the grounds that it is unduly burdensome and overbroad. Opulent objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "advertised", "marketed" and "promoted." Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date.

**INTERROGATORY NO. 7:**

Separately for each of PLAINTIFF'S products bearing PLAINTIFF'S ALLEGED TRADE DRESS, identify the amount spent advertising, marketing, and/or promoting that product on a monthly, quarterly, and annual basis from the time the product was first introduced.

**RESPONSE TO INTERROGATORY NO. 7**

Opulent objects to this Interrogatory on the grounds that it is unduly burdensome and overbroad in scope and time. Opulent objects to this Interrogatory on the grounds that it requires Opulent to create a compilation or summary not kept in the ordinary course of its business.

**INTERROGATORY NO. 8:**

Separately for each of PLAINTIFF'S products bearing PLAINTIFF'S ALLEGED TRADE DRESS:

(1) identify the specific elements of the product that you contend constitute PLAINTIFF'S ALLEGED TRADE DRESS; and

(2) describe in detail how the identified specific elements have acquired distinctiveness.

**RESPONSE TO INTERROGATORY NO. 8**

Opulent objects to this Interrogatory on the grounds that it is compound and overbroad. Opulent objects to this Interrogatory on the grounds that it is premature because it seeks Opulent's contentions on its claims prior to the close of discovery. Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date.

**INTERROGATORY NO. 9:**

For each of DEFENDANT'S accused products identify:

(1) the model number of the accused product;

(2) the specific trade dress of PLAINTIFF'S ALLEGED TRADE DRESS that the accused product allegedly infringes, including the model number of each and every product of PLAINTIFF bearing that specific trade dress;

(3) each specific aspect of DEFENDANT'S accused product that allegedly infringes;

(4) the timing of the point of first infringement, the start of claimed damages and the end of claimed damages; and

(5) if PLAINTIFF is alleging willful infringement, the basis for such allegation.

**RESPONSE TO INTERROGATORY NO. 9**

Opulent objects to this Interrogatory on the grounds that it is compound and overbroad. Opulent objects to this Interrogatory on the grounds that it is premature because it seeks Opulent's contentions on its claims prior to the close of discovery. Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date.

**INTERROGATORY NO. 10:**

Describe in detail the complete factual and legal bases for YOUR contention

that DEFENDANT has infringed any applicable copyrights.

**RESPONSE TO INTERROGATORY NO. 10**

Opulent objects to this Interrogatory on the grounds that it is premature because it seeks Opulent's contentions on its claims prior to the close of discovery. Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date.

**INTERROGATORY NO. 11:**

Describe in detail the complete factual and legal bases for YOUR contention that DEFENDANT has committed counterfeiting.

**RESPONSE TO INTERROGATORY NO. 11**

Opulent objects to this Interrogatory on the grounds that it is premature because it seeks Opulent's contentions on its claims prior to the close of discovery. Opulent states that discovery is ongoing, and it will supplement its response to this Interrogatory at a later date.

**INTERROGATORY NO. 12:**

The identity of all accountants and accounting firms used by PLAINTIFF from 2005 to the present.

**RESPONSE TO INTERROGATORY NO. 12**

Opulent objects to this Interrogatory on the grounds that it is overbroad in scope and time period. Opulent objects to this Interrogatory on the ground that it is irrelevant. Subject to and without waiving the foregoing General and Specific Objections, Opulent responds: Gavigan & Co., 959 E. Walnut St. Suite 250 Pasadena, CA 91106, (626) 844-7914.

Dated: November 27, 2023

Respectfully submitted,

By: */s/ Samantha Parrish*
    Sean P. Rodriguez (SBN 262437)
    *srodriguez@bsfllp.com*
    44 Montgomery Street, 41st Floor
    San Francisco, CA 94104
    Telephone: (415) 293-6800
    Facsimile: (415) 293-6899

    John J. Kucera (SBN 274184)
    *jkucera@bsfllp.com*
    Simon P. Leen (SBN 332033)
    *sleen@bsfllp.com*
    Joshua Yaw Foli Quaye (SBN 325480)
    *jquaye@bsfllp.com*
    *Samantha Parrish (SBN 318681)*
    *sparrish@bsfllp.com*
    2029 Century Park East, Suite 1520N
    Los Angeles, CA 90067
    Telephone: (213) 629-9040
    Facsimile: (213) 629-9022

    Attorneys for Plaintiff/Counter-Defendant
    Opulent Treasures, Inc.

**VERIFICATION OF INTERROGATORY RESPONSES**

I, Carol Wilson, am the CEO of Opulent Treasures, Inc. I am the authorized agent of Opulent Treasures, Inc. for the purpose of answering Ya Ya Logistics, Inc.'s First Set of Interrogatories. I have read the foregoing interrogatories and the answers to those interrogatories, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 27, 2023

*/s/ Carol Wilson*
First, Last