# Exhibit B

**BOIES SCHILLER FLEXNER LLP**
Sean P. Rodriguez (SBN 262437)
*srodriguez@bsfllp.com*
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

John J. Kucera (SBN 274184)
*jkucera@bsfllp.com*
Simon P. Leen (SBN 332033)
*sleen@bsfllp.com*
Joshua Yaw Foli Quaye (SBN 325480)
*jquaye@bsfllp.com*
Samantha Parrish (SBN 318681)
*sparrish@bsfllp.com*
2029 Century Park East, Suite 1520N
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

*Attorneys for*
Opulent Treasures, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPULENT TREASURES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>YA YA LOGISTICS, INC., et al.,<br><br>Defendants. | Case No. 2:22-cv-06137-SSS (JCx)<br><br>**OPULENT TREASURES, INC.'S RESPONSES TO YA YA LOGISTICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Action Filed in EDTX: August 17, 2021<br>Action Transferred to CDCA: April 20, 2022 |
| YA YA LOGISTICS, INC.,<br><br>Counter-Plaintiff, | |

1                Case No. 2:22-cv-06137-SSS (JCx)

PLAINTIFF AND COUNTER-DEFENDANT OPULENT TREASURES, INC.'S RESPONSES TO YA YA LOGISTICS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

v.

OPULENT TREASURES, INC.,

                    Counter-Defendant.

PROPOUNDING PARTY:        PLAINTIFF YA YA LOGISTICS, INC.

RESPONDING PARTY:         PLAINTIFF/COUNTER-DEFENDANT

                          OPULENT TREASURES, INC.

SET NO.:                  ONE

         Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Central District of California (the "Local Rules"), Plaintiff and Counter-Defendant OPULENT CREATIONS, INC. ("Opulent"), by and through its undersigned counsel, hereby responds and objects to the First Set of Requests for Production of Documents (the "Requests") propounded by Plaintiff YA YA LOGISTICS, INC. ("Ya Ya Logistics") as follows:

## **GENERAL OBJECTIONS**

         1.      Opulent's discovery, internal investigation, and preparation for the trial of this matter is not completed as of the date of these Responses and are continuing. Opulent anticipates that discovery, internal investigation, and preparation for trial will reveal additional information not presently known to it, but upon which it may rely. These Responses to Ya Ya Logistics' Requests are based upon information currently known or believed to be true by Opulent. Opulent reserves the right to modify or supplement its Responses upon completion of its discovery, internal investigation, and preparation for the trial of this matter, and to use at trial, or in any motion or deposition, any documents, facts, or supporting evidence of any sort later developed or discovered.

2.      Opulent objects to the Requests to the extent that it seeks to impose obligations in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the above-captioned court, any court order governing discovery in this case, or any discovery protocol agreed upon by the parties.

3.      Opulent objects to Propounding Party's Fifth Set of Requests for Production as overbroad, burdensome, and unwarranted.

4.      Opulent objects to the Requests to the extent that it seeks to elicit information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5.      Opulent objects to each Request to the extent that it purports to seek information protected by the attorney-client privilege or the work product doctrine, and Opulent will not provide any privileged and/or protected information.  Any disclosure of privileged information would be inadvertent and should not be deemed a waiver of any privilege.  To the extent that it has privileged documents responsive to the Requests below, Opulent will produce a privilege log.

6.      Opulent objects to each Request to the extent that it seeks information that is or may be confidential or information otherwise protected by any right of privacy.  Such information will not be provided.

7.      Opulent objects to each Request to the extent that it seeks proprietary business information, trade secrets, or other confidential information.  Such information will not be provided.

8.      Opulent objects to each Request to the extent that it seeks information from persons, companies, or entities other than Opulent.  Opulent further objects to the extent each Request seeks information not within Opulent's custody, control, or possession or that is equally available to Ya Ya Logistics.

9.      Opulent objects to each Request to the extent it does not specify dates and thus is overbroad and ambiguous.

10.     Opulent objects generally to the Requests to the extent that they seek to have Opulent furnish information and identify documents that are a matter of the public record, and therefore, are equally available to Ya Ya Logistics.

11.     Opulent objects to each Request to the extent that it contains words and/or phrases that are not defined, thereby rendering the Request overbroad, vague, and ambiguous.

12.     Any responses to these Requests provided by Opulent are solely for the purpose of this litigation.  Any attempt by Propounding Party or any other person or entity to use or disseminate the Responses, the information contained in the Responses, or the documents produced in this litigation beyond this litigation is objected to as improper and will be subject to appropriate action.

13.     By these Responses, Opulent does not, and does not intend to: (1) waive any objections as to the admissibility of evidence or the competency of, relevancy of, materiality of, or privilege attaching to any information disclosed in these responses; or (2) waive the right to object to other discovery requests or undertakings involving or reflecting the subject matter requested herein.  These Responses do not constitute, nor should they be construed as, admissions with respect to the relevancy or admissibility of any evidence or document identified herein or the truth or accuracy of any statement, characterization, or other information contained in such document.  Opulent expressly does not concede the relevance or materiality of any of these responses or the subject matter to which they refer.

## OBJECTIONS TO DEFINITIONS

1.      Opulent objects to each "Definition," and "Instruction" to the extent that any "Definition," or "Instruction" seeks to impose obligations inconsistent with, beyond, or in addition to those imposed by the Federal Rules of Civil Procedure, the

Local Rules of the above-captioned Court, any Court order governing discovery in this case, or any discovery protocol agreed upon by the parties.

Without waiver of the foregoing, Opulent further responds as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS and things that REFER or RELATE to YOUR conception and adoption of each of PLAINTIFF'S ALLEGED TRADE DRESS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "conception" and "adoption". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS and things that REFER or RELATE to YOUR efforts to police any of PLAINTIFF'S ALLEGED TRADE DRESS against unauthorized third-party use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "efforts", "police", "unauthorized" and "third-party". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent

objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS and things that REFER or RELATE to any expenses incurred by YOU with respect to the advertising, marketing or promotion of any goods or services under any of PLAINTIFF'S ALLEGED TRADE DRESS, from the date of first use of any of the PLAINTIFF'S ALLEGED TRADE DRESS to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "expenses", "advertising", "marketing", "promotion", "goods" and "services". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS and things that REFER or RELATE to any instance in which any person has confused any goods or services of Defendant with any goods or services advertised, promoted, offered for sale or rendered under any trademark or service mark owned by PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "confused", "advertised", "offered", "promoted", "goods", "services", "offered for sale" and "rendered". Opulent objects to this request to the extent that it seeks documents protected by

attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS and things that REFER or RELATE to any instance in which any person has mistakenly believed that an association, sponsorship, affiliation or other relationship exists between YOU and DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "mistakenly believed", "association", "sponsorship", "affiliation" and "relationship". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS and things that REFER or RELATE to the allegation that each trade dress of PLAINTIFF'S ALLEGED TRADE DRESS has obtained secondary meaning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "trade dress" and "secondary meaning". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product.

Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS and things that REFER or RELATE to any survey, study, poll, investigation or memorandum intended to determine whether each trade dress of PLAINTIFF'S ALLEGED TRADE DRESS has obtained secondary meaning.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "survey", "study", "poll investigation", "memorandum", "trade dress" and "secondary meaning". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS and things that REFER or RELATE to any survey, study, poll investigation or memorandum intended to determine whether a likelihood of confusion exists between any of PLAINTIFF'S ALLEGED TRADE DRESS and any of DEFENDANT's products or trademarks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "survey", "study", "poll investigation", "memorandum" and "confusion". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is

attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS and things which identify or relate to the actual and target demographics of the purchasers of YOUR goods and services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "things", "actual" and "target". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS and things that refer or relate to DEFENDANT or DEFENDANT's accused products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 11**

DOCUMENTS and things sufficient to separately show YOUR sales of each of YOUR products bearing PLAINTIFF'S ALLEGED TRADE DRESS in the United States, by year.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "sufficient" and "sales". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS and things that REFER or RELATE to the allegations in paragraph 16 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS and things that REFER or RELATE to the allegations in paragraph 17 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 14**

All DOCUMENTS and things that REFER or RELATE to the allegations in paragraph 20 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 15**

All DOCUMENTS and things that REFER or RELATE to PLAINTIFF's allegation that "Opulent has acquired trade dress rights under the Lanham Act, as well as under state statutory and common law, in the overall look, design,

arrangement, and appearance of its cake stands and other decor items" in paragraph 27 of PLAINTIFF'S First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 16**

All DOCUMENTS and things that REFER or RELATE to PLAINTIFF's allegations that "the key to Opulent's success is the high quality and reputation of its products, which are closely associated by the public with Opulent's Designs. Opulent has used Opulent's Designs continuously as the main identifier of its elegant and distinct décor pieces" in paragraph 32 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 17**

All DOCUMENTS and things that REFER or RELATE to PLAINTIFF's allegations that "in connection with marketing and selling Opulent's Designs, Plaintiff has extensively used, displayed, and advertised the non-functional features of the Opulent's Designs that comprise the trade dresses of said designs. In the minds of the public, the primary significance of these non-functional and distinctive features is to identify the source of the product, and Opulent Designs have acquired secondary meaning. The distinctive and nonfunctional features also identify that the product is reliable and of the high quality associated with Opulent" in paragraph 33 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 18**

All DOCUMENTS and things that REFER or RELATE to the allegations in paragraph 34 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it

seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS and things that REFER or RELATE to the allegations in paragraph 35 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 20**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 41 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 42 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 22**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 43 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 23**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 44 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 45 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 25**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 46 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects

to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 48 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 27**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 53 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control,

1  or possession of Ya Ya Logistics.

2  **REQUEST FOR PRODUCTION NO. 28**

3      All DOCUMENTS and things that REFER or RELATE to the allegations in

4  Paragraph 54 of PLAINTIFF's First Amended Complaint.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

6      Opulent objects to this request as overbroad and unduly burdensome,

7  including with respect to scope and time period. Opulent objects to this request on

8  the grounds that it is vague and ambiguous as to the term "things". Opulent objects

9  to this request to the extent that it seeks documents protected by attorney client

10 privilege or is attorney work product. Opulent objects to this request to the extent it

11 seeks irrelevant information. Opulent objects to this request to the extent that it

12 seeks documents that are equally available to or are already in the custody, control,

13 or possession of Ya Ya Logistics.

14 **REQUEST FOR PRODUCTION NO. 29**

15     All DOCUMENTS and things that REFER or RELATE to the allegations in

16 Paragraph 62 of PLAINTIFF's First Amended Complaint.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

18     Opulent objects to this request as overbroad and unduly burdensome,

19 including with respect to scope and time period. Opulent objects to this request on

20 the grounds that it is vague and ambiguous as to the term "things". Opulent objects

21 to this request to the extent that it seeks documents protected by attorney client

22 privilege or is attorney work product. Opulent objects to this request to the extent it

23 seeks irrelevant information. Opulent objects to this request to the extent that it

24 seeks documents that are equally available to or are already in the custody, control,

25 or possession of Ya Ya Logistics.

26

27

28

**REQUEST FOR PRODUCTION NO. 30**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 63 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 31**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 67 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 32**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 74 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 33**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 75 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 34**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 81 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects

to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 35**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 82 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 36**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 85 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control,

1  or possession of Ya Ya Logistics.

2  **REQUEST FOR PRODUCTION NO. 37**

3      All DOCUMENTS and things that REFER or RELATE to the allegations in

4  Paragraph 87 of PLAINTIFF's First Amended Complaint.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

6      Opulent objects to this request as overbroad and unduly burdensome,

7  including with respect to scope and time period. Opulent objects to this request on

8  the grounds that it is vague and ambiguous as to the term "things". Opulent objects

9  to this request to the extent that it seeks documents protected by attorney client

10 privilege or is attorney work product. Opulent objects to this request to the extent it

11 seeks irrelevant information. Opulent objects to this request to the extent that it

12 seeks documents that are equally available to or are already in the custody, control,

13 or possession of Ya Ya Logistics.

14 **REQUEST FOR PRODUCTION NO. 38**

15     All DOCUMENTS and things that REFER or RELATE to the allegations in

16 Paragraph 88 of PLAINTIFF's First Amended Complaint.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

18     Opulent objects to this request as overbroad and unduly burdensome,

19 including with respect to scope and time period. Opulent objects to this request on

20 the grounds that it is vague and ambiguous as to the term "things". Opulent objects

21 to this request to the extent that it seeks documents protected by attorney client

22 privilege or is attorney work product. Opulent objects to this request to the extent it

23 seeks irrelevant information. Opulent objects to this request to the extent that it

24 seeks documents that are equally available to or are already in the custody, control,

25 or possession of Ya Ya Logistics.

26

27

28

**REQUEST FOR PRODUCTION NO. 39**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 89 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 40**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 96 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 41**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 102 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 42**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 103 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 43**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 104 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects

to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 44**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 113 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 45**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 114 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control,

1   or possession of Ya Ya Logistics.

2   **REQUEST FOR PRODUCTION NO. 46**

3       All DOCUMENTS and things that REFER or RELATE to the allegations in

4   Paragraph 121 of PLAINTIFF's First Amended Complaint.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

6       Opulent objects to this request as overbroad and unduly burdensome,

7   including with respect to scope and time period. Opulent objects to this request on

8   the grounds that it is vague and ambiguous as to the term "things". Opulent objects

9   to this request to the extent that it seeks documents protected by attorney client

10  privilege or is attorney work product. Opulent objects to this request to the extent it

11  seeks irrelevant information. Opulent objects to this request to the extent that it

12  seeks documents that are equally available to or are already in the custody, control,

13  or possession of Ya Ya Logistics.

14  **REQUEST FOR PRODUCTION NO. 47**

15      All DOCUMENTS and things that REFER or RELATE to the allegations in

16  Paragraph 122 of PLAINTIFF's First Amended Complaint.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

18      Opulent objects to this request as overbroad and unduly burdensome,

19  including with respect to scope and time period. Opulent objects to this request on

20  the grounds that it is vague and ambiguous as to the term "things". Opulent objects

21  to this request to the extent that it seeks documents protected by attorney client

22  privilege or is attorney work product. Opulent objects to this request to the extent it

23  seeks irrelevant information. Opulent objects to this request to the extent that it

24  seeks documents that are equally available to or are already in the custody, control,

25  or possession of Ya Ya Logistics.

26

27

28

**REQUEST FOR PRODUCTION NO. 48**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 130 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 49**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 131 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 50**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 107 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 51**

All DOCUMENTS and things that REFER or RELATE to the allegations in Paragraph 108 of PLAINTIFF's First Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "things". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 52**

DOCUMENTS showing all money spent on advertising of the product shown in U.S. Trademark Reg. No. 5,912,235 in 2006.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrase "money spent" and

"advertising". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 53**

DOCUMENTS showing all money spent on advertising the product shown in U.S. Trademark Reg. No. 5,912,235 in 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrase "money spent" and "advertising". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 54**

DOCUMENTS showing all money spent on advertising of the product shown in U.S. Trademark Reg. No. 5,912,235 in 2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrase "money spent" and "advertising". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to

this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 55**

DOCUMENTS showing all money spent on advertising the product shown in U.S. Trademark Reg. No. 5,912,235 in 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrase "money spent" and "advertising". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 56**

DOCUMENTS showing all money spent on advertising the product shown in U.S. Trademark Reg. No. 5,912,235 in 2010.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrase "money spent" and "advertising". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are

already in the custody, control, or possession of Ya Ya Logistics. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 57**

DOCUMENTS showing all money spent on advertising the product shown in U.S. Trademark Reg. No. 5,912,235 in 2011.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrase "money spent" and "advertising". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 58**

DOCUMENTS showing all money spent on advertising the product shown in U.S. Trademark Reg. No. 5,912,235 in 2012.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrase "money spent" and "advertising". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 59**

DOCUMENTS showing all money spent on advertising the product shown in U.S. Trademark Reg. No. 5,912,235 in 2013.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrase "money spent" and "advertising". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 60**

Representative samples of each of PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrase "representative samples". Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 61**

DOCUMENTS sufficient to identify the technical specifications and product dimensions of each of PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS including the technical specifications and product dimensions of

each component of each of PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "sufficient", "technical specifications" and "product dimensions". Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 62**

Representative samples of all marketing, promotional, or advertising materials for all of PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS, whether prepared by PLAINTIFF or on PLAINTIFF's behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrase "representative samples". Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 63**

DOCUMENTS sufficient to show all contents of any websites, including websites at www.opulenttreasures.com, through which PLAINTIFF promoted, marketed, sold, licensed, provided, or distributed PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS, including screen shots or printouts of web pages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63**

Opulent objects to this request as overbroad and unduly burdensome,

including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "sufficient", "promoted", "marketed", "sold", "licensed", "provided", and "distributed". Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 64**

DOCUMENTS and things sufficient to show all of PLAINTIFF's marketing, advertising, and promotional activities under or in connection with PLAINTIFF'S ALLEGED TRADE DRESS, including without limitation print, radio, and television advertising; attendance at trade shows or seminars; and advertising or promotion over the Internet (including without limitation keyword advertising and promotion through social networking sites such as Facebook or Twitter).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "things sufficient", "marketing", "advertising" and "promotional activities". Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 65**

All press releases or press kits that REFER or RELATE to the PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "press releases" and "press kits". Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available

to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 66**

All DOCUMENTS reflecting any trade shows, conferences, conventions, or similar events which PLAINTIFF has attended or sponsored, in which PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS have been featured.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "trade shows", "conferences", "conventions" and "featured". Opulent objects to this request to the extent it seeks irrelevant information.  Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 67**

DOCUMENTS sufficient to identify all channels of trade through which PLAINTIFF has offered, sold, licensed, distributed, or provided PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS, including all such channels of trade used in the United States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "sufficient" and "channels of trade". Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 68**

All DOCUMENTS and things concerning surveys or studies concerning PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS, including without limitation marketing, purchasing, brand awareness, or other studies to determine the familiarity of the public with PLAINTIFF's products, company, or brand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "surveys" and "studies". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 69**

All DOCUMENTS that describe, indicate, propose, or assess the measures or actions, if any, to be taken by or on behalf of PLAINTIFF as a result of any survey or study referred to in Request No. 62.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "measures" or "actions". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product.

**REQUEST FOR PRODUCTION NO. 70**

All DOCUMENTS commemorating, reporting, recording, referring to or mentioning customer comments, complaints, or requests regarding PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "comments", "complaints" and requests". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to the extent it is violative of third-party privacy rights.

**REQUEST FOR PRODUCTION NO. 71**

DOCUMENTS sufficient to show PLAINTIFF's organizational structure from 1995 to the present, including without limitation charts or lists of your managers, officers, directors, employees, consultants, contractors, or attorneys.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "sufficient" and "organizational structure". Opulent objects to this request to the extent it seeks irrelevant information.

**REQUEST FOR PRODUCTION NO. 72**

DOCUMENTS sufficient to show the ownership interest, assignment interest, security interest, or other interest held in PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "sufficient" and

"ownership interest". Opulent objects to this request to the extent it seeks irrelevant information.

**REQUEST FOR PRODUCTION NO. 73**

All DOCUMENTS and things relating to this lawsuit, including any communications between you and any other person concerning this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "things" and "communications". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 74**

All DOCUMENTS and things identified in PLAINTIFF's responses to any Interrogatories in this lawsuit, including any amended or supplemental responses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74**

Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 75**

All DOCUMENTS and things identified in PLAINTIFF's Initial Disclosures, including any amended or supplemental Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75**

Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 76**

All DOCUMENTS and things that PLAINTIFF intends to introduce or rely on in connection with this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76**

Opulent objects to this request on the grounds that it is premature insofar as discovery is still ongoing. Opulent will produce all non-privileged, responsive documents at a later date.

**REQUEST FOR PRODUCTION NO. 77**

DOCUMENTS sufficient to show for each year from 2011 to the present the revenues earned from and expenses related to the offering for sale, sale, licensing, provision, or distribution of each of PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS, including advertising, promotion, and marketing expenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "revenues" and "expenses". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 78**

All price lists and web pages discussing pricing for PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "price lists" and "web pages". Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics.

**REQUEST FOR PRODUCTION NO. 79**

DOCUMENTS sufficient to show actual sales of each of PLAINTIFF's products bearing PLAINTIFF'S ALLEGED TRADE DRESS made, used, licensed, distributed, supplied, sold, or offered for sale in the United States, or imported into the United States, on a monthly, quarterly, and annual basis, including but not limited to documents concerning or relating to:

a) Unit sales;

b) Revenue from sales;

c) Profits from sales, including both gross and net profits;

d) Costs from sales, including cost of goods sold and allocated costs;

e) Margins, including both gross and net;

f) Pricing; and

g) Customers.  .

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "sufficient" and "actual sales". Opulent objects to this request to the extent it seeks confidential or

proprietary information. Opulent objects to this request to the extent it seeks irrelevant information.

**REQUEST FOR PRODUCTION NO. 80**

DOCUMENTS sufficient to show YOUR document control and retention policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "sufficient", "document control" and "retention". Opulent objects to this request to the extent it seeks irrelevant information.

**REQUEST FOR PRODUCTION NO. 81**

DOCUMENTS that evidence facts or data that any of YOUR testifying experts considered in forming his or her opinions for this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81**

Opulent objects to this request on the grounds that the request is premature as discovery is ongoing. Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product.

**REQUEST FOR PRODUCTION NO. 82**

DOCUMENTS that evidence assumptions that any of YOUR testifying experts relied on in forming his or her opinions for this opinions for this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82**

Opulent objects to this request on the grounds that the request is premature as discovery is ongoing. Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product.

**REQUEST FOR PRODUCTION NO. 83**

DOCUMENTS that evidence assumptions that any of YOUR testifying experts relied on in forming his or her opinions for this opinions for this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83**

Opulent objects to this request on the grounds that the request is premature as discovery is ongoing. Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request on the grounds that it is duplicative of prior requests.

**REQUEST FOR PRODUCTION NO. 84**

DOCUMENTS that evidence communications relating to this case between any of YOUR testifying experts and any person.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "communications". Opulent objects to this request on the grounds that the request is premature as discovery is ongoing. Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product.

**REQUEST FOR PRODUCTION NO. 85**

DOCUMENTS that YOU intend to use as exhibits at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85**

Opulent objects to this request on the grounds that the request is premature as discovery is ongoing. Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product.

**REQUEST FOR PRODUCTION NO. 86**

All DOCUMENTS and THINGS relating to documents submitted to the U.S. Patent and Trademark Office with regard to U.S. Trademark Registration No.

5,912,235, including but not limited to all communications with counsel and third parties, and all drafts of any submitted documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the terms "THINGS" and "communications". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Creations. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 87**

All DOCUMENTS and THINGS relating to when YOU first became aware of any Lamps Plus product that has at any time competed with any Opulent product having the trade dress shown in U.S. Trademark Registration No. 5,912,235.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrases "first became aware" and "competed". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product.

**REQUEST FOR PRODUCTION NO. 88**

All DOCUMENTS and THINGS relating to when YOU first became aware of any third party selling products that YOU contend infringe the trade dress shown in U.S. Trademark Registration No. 5,912,235.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88**

Opulent objects to this request as overbroad and unduly burdensome,

including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the phrase "first became aware". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product.

**REQUEST FOR PRODUCTION NO. 89**

DOCUMENTS showing all sales of the product shown in U.S. Trademark Reg. No. 5,912,235 in 2006.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 90**

DOCUMENTS showing all sales of the product shown in U.S. Trademark Reg. No. 5,912,235 in 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 91**

All DOCUMENTS and THINGS relating to each of the applications for U.S. Copyright registration Nos. VA 2-298-980, VA 2-299-360, VA 2-299-364, VA 2-299-366, VA 2-304-222, VA 2-308-419, VA 2-309-157 and VA 2-315-469.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request on the grounds that it is vague and ambiguous as to the term "THINGS". Opulent objects to this request to the extent that it seeks documents protected by attorney client privilege or is attorney work product. Opulent objects to this request to the

extent it seeks irrelevant information. Opulent objects to this request to the extent that it seeks documents that are equally available to or are already in the custody, control, or possession of Ya Ya Logistics. Opulent objects to this request to the extent it seeks confidential or proprietary information.

**REQUEST FOR PRODUCTION NO. 92**

All of YOUR tax returns from 2006 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92**

Opulent objects to this request as overbroad and unduly burdensome, including with respect to scope and time period. Opulent objects to this request to the extent it seeks irrelevant information. Opulent objects to this request to the extent it seeks confidential or proprietary information.

Dated:  November 27, 2023                Respectfully submitted,

By: */s/ Samantha Parrish*
        Sean P. Rodriguez (SBN 262437)
        *srodriguez@bsfllp.com*
        44 Montgomery Street, 41st Floor
        San Francisco, CA 94104
        Telephone: (415) 293-6800
        Facsimile: (415) 293-6899

        John J. Kucera (SBN 274184)
        *jkucera@bsfllp.com*
        Simon P. Leen (SBN 332033)
        *sleen@bsfllp.com*
        Joshua Yaw Foli Quaye (SBN 325480)
        *jquaye@bsfllp.com*
        *Samantha Parrish (SBN 318681)*
        *sparrish@bsfllp.com*
        2029 Century Park East, Suite 1520N
        Los Angeles, CA 90067
        Telephone: (213) 629-9040
        Facsimile: (213) 629-9022
        Attorneys for Plaintiff/Counter-Defendant
        Opulent Treasures, Inc.