UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:22-cv-06137-SSS-JCx<br>2:22-cv-02616-SSS-JCx<br>2:23-cv-04292-SSS-JCx | Date | August 19, 2025 |
|---|---|---|---|
| Title | *Ya Ya Creations, Inc. v. Opulent Treasures, Inc.*<br>*Opulent Treasures, Inc. v. Ya Ya Creations, Inc.*<br>*Opulent Treasures, Inc. v. HK Jayden Trading, LTD et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS FOR SUMMARY JUDGMENT AND GRANTING APPLICATION TO SEAL [DKTS. 167, 168, 174]**

Before the Court is a Motion for Partial Summary Judgment filed by Opulent Treasures, Inc. ("Opulent"), [Dkt. 167], and a Motion for Summary Judgment filed by Ya Ya Logistics, Inc., [Dkt. 168]. Both Motions are opposed, and matters are ripe for review. [Dkts. 170, 171, 172, 173]. Having considered the parties' arguments, relevant legal authority, and record in this case, the Court **GRANTS IN PART AND DENIES IN PART** both Motions. [Dkts. 167, 168].

## I.   BACKGROUND

This matter arises out of the alleged infringement of decorative cake stands. It spans across three consolidated cases and four years. Following the last year of failed settlement negotiations and Opulent counsel's withdrawal, the parties are now preparing for trial. [*See* Dkt. 159]. The Court granted parties' request to file

renewed cross-motions for summary judgment in order to streamline this matter for the jury. [Dkt. 165].

Currently before the Court is Opulent's Motion for Partial Summary Judgment, [Case No. 22-cv-6137, Dkt. 167, Opulent's Motion], on all claims in Ya Ya Creation's Complaint, [Case No. 2:22-cv-06137, Dkt. 1, Ya Ya Creations' Compl.], and on certain claims in Opulent's First Amended Complaint, [Case No. 2:23-cv-04292, Dkt. 14, Opulent's FAC]. Additionally, Ya Ya Logistics, Inc. moves for summary judgment, [Case No. 22-cv-6137, Dkt. 168, Ya Ya Logistics' Motion], on all claims in Opulent's FAC. The Court discusses additional facts below.

## II.   LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying the portions of the pleadings and record that it believes demonstrate the absence of an issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

If the moving party has sustained its burden, the non-moving party must then show that there is a genuine issue of material fact that must be resolved at trial. *See Celotex*, 477 U.S. at 324. The non-moving party must make an affirmative showing on all matters placed at issue by the motion as to which it has the burden of proof at trial. *See id.* at 322; *Anderson*, 477 U.S. at 252. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248. "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence." *Oracle*, 627 F.3d at 387 (citing *Anderson*, 477 U.S. at 252).

When deciding a motion for summary judgment, the Court construes the evidence in the light most favorable to the non-moving party. *See Barlow v. Ground*, 943 F.2d 1132, 1136 (9th Cir. 1991). Thus, summary judgment for the moving party is proper when a "rational trier of fact" would not be able to find for the non-moving party based upon the record taken as a whole. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

#### A. Opulent's Motion

First, Opulent moves for summary judgment on Ya Ya Creations' Complaint which seeks declaratory relief and alleges violations of 18 U.S.C. § 512(f) and California's Unfair Competition Law ("UCL") and intentional interference with prospective economic advantage. As an initial matter, Ya Ya Creations does not oppose Opulent's Motion with respect to the Section 512(f), UCL, and intentional interference claims. [Dkt. 171 at 9]. As such, the Court **GRANTS** Opulent's Motion as to these claims. Ya Ya Creations does, however, defend its claim for declaratory relief, in which it seeks a judicial determination as to the scope of copyrights possessed by Opulent and whether Ya Ya Creations' products infringed those copyrights. [Ya Ya Creations' Compl. ¶ 29].

In its Motion, Opulent argues its copyright registration certificates constitute prima facie evidence of the validity of Opulent's copyright ownership such that ownership is established as a matter of law. [Opulent's Motion at 12–13]. Opulent offers this argument both to dispose of Ya Ya Creations' request for declaratory relief and to support Opulent's Motion for Summary Judgment on its own claim of infringement against Ya Ya Logistics.[1] [*Id*. at 12–13, 22]. However, either way, Opulent is mistaken.

Proving copyright infringement requires two elements: (1) ownership of a valid copyright, and (2) copying. *Feist Publ'ns v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991). If a certificate of registration is made within five years of a work's publication, the registration is prima facie evidence of a valid copyright; however, if registered more than five years after publication, the registration may only be accorded "evidentiary weight … within the discretion of the court." 17 U.S.C. § 410. Here, Opulent's registrations occurred more than five years after publication, and thus are not prima facie evidence of copyright validity, contrary to Opulent's assertion. [Dkt. 167-3].

---

[1] Because Opulent is the movant in both cases, it bears the same initial burden of showing an absence of genuine dispute of material fact. *See Celotex Corp*., 477 U.S. at 323. Accordingly, the Court's discussion of whether Opulent has shown it owns a valid copyright as a matter of law applies to its Motion regarding Ya Ya Creations' Complaint and Opulent's own FAC.

Recognizing its failed argument, Opulent switches course in its Reply, asking the Court to find its copyright ownership valid as a matter of law based on the copyright registrations and a declaration from Opulent's CEO and founder attesting to the originality of the copyrighted designs. [Dkt. 172 at 6–7]. However, "arguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). Additionally, Opulent provides no legal authority indicating this evidence is sufficient to establish valid ownership. [*See* Dkt. 172 at 6–7]. Opulent only cites to *Mackie v. W. Valley Properties, Inc.*, yet in that case, copyright ownership was uncontested. No. 22-cv-02663-TLT, 2024 WL 1219015, at *2 (N.D. Cal. Mar. 1, 2024). Here, Ya Ya Creations and Ya Ya Logistics posit there is a triable issue regarding Opulent's copyright validity. [Dkt. 171 at 6–9].

Ultimately, the plaintiff "bears the burden of proving copyright ownership" at trial. *Fleischer Studios v. A.V.E.L.A.*, 654 F.3d 958, 962 (9th Cir. 2011). While it is in the Court's discretion to grant Opulent's registrations evidentiary weight, without any legal authority supporting Opulent's request, the Court remains unpersuaded to do so. Accordingly, the Court **DENIES** Opulent's Motion for Summary Judgment of Ya Ya Creations' declaratory relief and of Opulent's valid copyright ownership.

Lastly, Opulent moves for summary judgment to establish Ya Ya Logistics as contributorily and vicariously liable on the infringement claims alleged in Opulent's FAC. [Opulent's Motion at 23–26]. However, "[s]econdary liability for [] infringement does not exist in the absence of direct infringement by a third party." *A&M Records v. Napster*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001). Thus, the Court cannot find secondary liability as a matter of law without finding direct liability as a matter of law, a point Opulent itself concedes. [*See* Opulent's Motion at 24]. Because the Court has not found either Ya Ya entity directly liable as a matter of law, the Court **DENIES** Opulent's Motion here, too.

### B.  Ya Ya Logistics' Motion

However, that is not all. Ya Ya Logistics also moves for summary judgment to foreclose Opulent's allegations of Ya Ya Logistics' direct, contributory, and vicarious liability for Opulent's copyright, trademark, and common law infringement claims. [Dkt. 168, Ya Ya Logistics' Motion, at 8–12].

First, the Court forecloses Opulent's claims of vicarious liability against Ya Ya Logistics because Opulent did not bring any such claims in its FAC. [*See*

Opulent FAC]. Opulent's omission particularly stands out as each count specifically states it is for "Direct and Contributory" infringement. [*See id*. at 27, 29, 32, 35, 38]. Ninth Circuit "precedents make clear that where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." *Navajo Nation v. U.S. Forest Serv*., 535 F.3d 1058, 1080 (9th Cir. 2008), *overruled on other grounds by Apache Stronghold v. United States*, 95 F.4th 608 (9th Cir. 2024), and *Apache Stronghold v. United States*, 101 F.4th 1036 (9th Cir. 2024).

Additionally, it appears Opulent admits that its claims of direct infringement against Ya Ya Logistics' fail, stating all of "Opulent's claims against Ya Ya Logistics are derivative of the infringement directly committed by its West Coast counterpart, Ya Ya Creations." [Dkt. 170 at 12; *see id.* at 13 ("These outstanding factual issues with respect to Ya Ya Creations' liability preclude summary judgment on the federal dress claims asserted against Ya Ya Logistics."]. Further, Opulent only points the Court to the "substantial evidence" attached in Opulent's Motion that "support[s] imposing secondary liability against Ya Ya Logistics." [*Id*.]. For instance, to establish damages, Opulent only relies on an expert damages report that solely discusses the damages due to Ya Ya Creations' alleged infringement.[2] [Dkt. 175-1 ¶ 8].[3] Thus, Opulent seems to agree it does not bring claims against Ya Ya Logistics under a direct infringement theory.

Lastly, Ya Ya Logistics argues Opulent has no evidence to support even its claim of contributory liability principally because Opulent's interrogatories were unresponsive. [Ya Ya Logistics' Motion at 8–12]. "[A] party seeking summary judgment always bears the initial burden of … identifying those portions of the pleadings, depositions, answers to interrogatories, and [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp*., 477 U.S. at 323 (citation omitted). Here, however, Ya Ya Logistics has not met its

---

[2] Because parties do not meaningfully brief the damages issue, the Court is unable to consider Ya Ya Logistics request for summary judgment on damages at this time. [*See* Ya Ya Logistics' Motion at 12–13; Dkt. 170 at 15–16; Dkt. 173 at 5–6].

[3] Finding good cause, the Court **GRANTS** Ya Ya Logistics' unopposed Application to File Under Seal Opulent's expert report regarding Ya Ya Creations' sales and profits relating to the accused products. [Dkt. 174].

burden as Opulent's interrogatory answers allegedly indicating a lack of evidence merely state that "discovery is ongoing" and Opulent "will supplement its response … at a later date." [Ya Ya Logistics' Motion at 8–11]. This does not by itself demonstrate Opulent lacks evidence to support its case. As Opulent points out, Ya Ya Logistics could have moved Opulent to compel responsive answers but failed to do so. [Dkt. 170 at 6; *see also* Dkt. 85 at 2 (denying sanctions against Opulent because Ya Ya Logistics could not "identify any court order concerning Opulent's discovery or disclosure obligations that Opulent has actually failed to obey")].

Even if Ya Ya Logistics met its initial burden, Ya Ya Logistics does not dispute that it serves as Ya Ya Creations' East Coast warehousing and shipping company. [Dkt. 171-1 ¶ 16]. Because "providing the site and facilities for known infringing activity is sufficient to establish contributory liability," there is a genuine dispute as to Ya Ya Logistics' contribution to Ya Ya Creations' alleged infringement. *See Fonovisa v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996); *see id.* ("Merely providing the means for infringement may be sufficient to incur contributory copyright liability.") (citation omitted). Accordingly, the Court **GRANTS** summary judgment as to Ya Ya Logistics' direct and vicarious liability on the infringement claims but **DENIES** summary judgment as to its alleged contributory liability.

## IV.   CONCLUSION

In accordance with the Order above, the Court rules as follows. Opulent's Motion, [Dkt. 167], is:

- **GRANTED** with respect to Ya Ya Creations' claims under Section 512(f), the UCL, and intentional interference with prospective economic advantage; and
- **DENIED** on all other claims.

Ya Ya Logistics' Motion, [Dkt. 168], is:

- **GRANTED** as to its direct and vicarious liability on the infringement claims asserted against it in Opulent's FAC; and
- **DENIED** on all other claims.

**IT IS SO ORDERED.**